## MOORE *vs.* THE STATE.

1. A charge, that the accused cannot be convicted of an assault with intent to kill and murder, unless he had at the time "a positive intention" to commit murder, is well calculated to mislead the jury, and should be refused.

2. It is error to charge the jury, on a trial for an assault with intent to kill and murder, "that the same facts and circumstances, which would make the offence murder if death had ensued, furnish sufficient evidence of the intention," since by the common law a killing would in many cases amount to murder, though the party committing the offence did not intend to kill.

ERROR to the Circuit Court of Limestone. Tried before the Hon. Thos. A. Walker.

JONES & ROBINSON, for the plaintiff in error:

1. The statute under which the conviction in this case was had, is in the following words: "Every person who shall be be guilty, and be thereof convicted, of an assault with intent to murder, maim, rob, or ravish, or shall attempt to commit murder by any means which do not amount to an assault, shall be punished, &c."—Clay's Dig. 416, § 30.

2. The statute of 1 Vic. C., 85, § 2, reads—"Whosoever shall administer to, or cause to be taken by any person, any poison, or other destructive thing, or shall stab, cut, or wound any person, or shall by any means whatsoever, cause to any person any bodily injury dangerous to life, with intent in any of the cases aforesaid, to commit murder, shall be guilty of felony, and being convicted thereof," &c.—See Roscoe's Crim. Ev., top page 776, where the statute is set out.

3. Under this statute it has been held in England, that on an indictment for the offence of inflicting an injury dangerous to life, with an intent to murder, the jury ought not to convict, unless they are satisfied that the prisoner had in his mind a positive intention to murder; and that it is not sufficient that it would have been a case of murder if death had ensued.—Regina v. Cruse, *et ux.*, 8 C. & Payne, 541, (34 Eng. Com. Law Rep. 522,) stated and approved in Roscoe's Crim. Ev., 784. These statutes are exactly similar in terms, and the decision cited seems to be conclusive of this case. The State v. Negro Bill Jefferson, 3 Harrington, 571. There are many cases in which the

facts would make it murder, though the party did not intend to kill.—1 Russ. on Crimes, 438, margin, 453-5, marg. In such cases, if the party assaulted had survived, the party making the assault could not have been convicted under our statute.

ATTORNEY GENERAL, for the State:

1. The true criterion of an assault with intent to murder is, whether it would have been murder had death ensued from the stroke.—Wharton Crim. Law, 316; 1 Russ. 585; 1 East. P. C., 411.

2. The charge asked, that there must exist a positive intention, was properly refused. This charge would have implied that something more was necessary than a mere intention to commit the crime, and would have mislead the jury. Where a party is not entitled to a charge as requested, the court may refuse it in toto.—Rives & Mather v. McLosky & Hogan, 5 S. & P. 330.

3. The charge given, that the "jury must believe from the evidence, that the defendant intended to commit murder when he made the assault, before they could convict," was the correct charge.—9 Yerg. 343.

4. The charge as to what was evidence of the intention that must exist, is the same as if it had been given in these words, to wit: The same wicked intention which would make the offence murder had death ensued, furnished sufficient evidence of the intention in this case.—1 Russ., note 423.

5. There may be cases of murder where no killing is primarily intended, as the unnatural son who exposed his sick father to the air against his will, whereof he died—the harlot who placed her child in the orchard where it was struck by a kite and killed, and cases of the like kind.—1 Russ. on Crimes, 425. Probably the rule laid down as to evidence of intention, would not include these cases, for here there was no intention to kill, but the law affixes to such an act the seal of legal malice, as an act, the probable consequence of which may be, and eventually is death.

6. But this last charge does not assume to embrace such cases, but only those where the wicked intention to kill would make the offence murder had death ensued.

CHILTON, J.—The plaintiff in error was tried and convicted. of an assault with intent to commit murder. On the trial, below, the prisoner's counsel asked the court to charge the jury that they could not find the prisoner guilty, unless they found that he had in his mind at the time of the commission of the assault a positive intention to commit murder.

This charge we think the court very properly refused, as it was well calculated to mislead the jury. The statute does not use the word positive as qualifying the intent, and in so far as it may be construed to mean an express intent, as contradistinguished from an intent implied or infered from the circumstances of the case, by so much would it be erroneous.

But we are not allowed to entertain a doubt that the court entirely mistook the law, when it charged " that the same facts and circumstances, which would make the offence murder, if death ensued, furnish sufficient evidence of the intention."

There are a number of cases, where a killing would amount to murder, and yet the party did not intend to kill.—1 Russ. on Crimes, 438, 453-5. As if one from a house top recklessly throw down a billet of wood upon the side-walk where persons are constantly passing, and it fall upon a person passing by and kill him, this would be, by the common law, murder; but if instead of killing him, it inflicts only a slight injury, the party could not be convicted of an assault with intent to commit murder. But the point is too clear to require argument or authority. This charge being affirmative, and erroneous as a proposition of law, must reverse the case, as we must intend that it was not abstract. Let the judgment be reversed and the cause remanded.