JACKSON PERRY, CLIFFORD MASSEY, and CAROLINE WILSON, Plaintiffs in Error, v. THE PEOPLE.

ERROR TO THE RECORDER'S COURT OF THE CITY OF CHICAGO.

If an individual fires a pistol either with malice prepense, or a total disregard of human life, he and all acting with him are guilty of an assault with intent to murder.

A witness may be examined in a criminal trial whose name is not on the back of

Perry et al. *v.* The People.

the indictment, if the calling of such witness occasions no surprise to the accused.

In an indictment for an assault with intent to kill, the omission of the word " unlawfully " will not vitiate, if the essential terms to charge the intent are to be found in the indictment.

A motion in arrest comes too late after sentence.

This court will not inquire, upon a motion in arrest of judgment, into any irregularity as to the mode of bringing a prisoner into court to receive his sentence.

The recorder's court for the city of Chicago is not repugnant to the constitution.

An indictment, alleging that the plaintiffs in error, in and upon one Sylvester Fairon, with a certain pistol, loaded with powder and ball, and with certain knives, feloniously, wilfully, unlawfully, and of their malice aforethought, did make an assault, with intent to kill the said Fairon, was found. On trial, the plaintiffs in error were found guilty. A motion for a new trial was denied. An exception was filed to the overruling of the motion for a new trial. A motion was also filed in arrest of judgment, which was overruled. Exception was taken to the overruling of the motion in arrest. The plaintiffs in error were then sentenced. The motion for a new trial assigned the following reasons. That one Hugh Quin was sworn, and testified, on the part of the people ; the name of said witness not being on the back of the indictment, nor any notice having been given that he would be so sworn. That one Donahue was also sworn on the trial ; his name not being on the indictment, nor was any notice given that he was to be sworn, until after ten of the jurors had been impanelled and sworn. That court erred in giving the second and fourth instructions, (set out in the opinion,) given on the part of the people.

The motion in arrest of judgment assigned the following reasons. Because the verdict is substantially defective, which is as follows : " We, the jury, find the defendants, Jackson Perry, Clifford Massey, and Caroline Wilson, guilty, in manner and form as is charged in the indictment, and fix the term of imprisonment for Jackson Perry four years, Clifford Massey three years, and Caroline Wilson two years." Because the verdict does not fix the term of the imprisonment of the defendants, nor either of them, in the penitentiary. Because the verdict does not designate whether the term of imprisonment shall be in the county jail or in the penitentiary. Because, after the jury had been discharged, the court ordered the clerk to reduce the verdict to form, which was done.* Because the indictment is substantially defective. Because the indictment does not allege the assault to have been made unlawfully. Because

Caroline Wilson was brought against her will, and in violation of law, without process, into court, from the bridewell of the city; when she was in confinement under a sentence unexpired, at the time of her arraignment, trial, and conviction; and illegally subjected to the jurisdiction of the court. Because the recorder's court is unconstitutional. Because the recorder's court had no jurisdiction of the persons of the defendants, nor of the offence charged in the indictment. The errors assigned corresponded with the reasons in the motion for an arrest of judgment.

The cause was heard before R. S. WILSON, Judge of the Recorder's Court for the city of Chicago, at June term, 1853.

P. BALLINGALL, for plaintiffs in error.

R. S. BLACKWELL and A. Voss, for the people.

SCATES, J. Plaintiffs were indicted and convicted of an assault, with intent to commit murder.

The following are the only questions presented by the assignment of errors deemed important to notice.

At the instance of the prosecution, the court instructed the jury, that if they believed from the evidence that Perry fired the pistol either with malice prepense, or a total disregard of human life, then the law is for the people; and all parties acting with him, and with the same motive, are equally guilty, as accessories, under our laws.

Where the act is committed deliberately, and is likely to be attended with dangerous consequences, the malice requisite to murder will be presumed.

These instructions are broad and general, and predicated upon that principle of law which attributes universal malice to reckless acts of homicide, where no particular motive can be traced. The principle is one well established in the law; and we cannot say that it is improperly laid down in the instructions.

The court allowed the prosecution to examine a witness whose name was not indorsed upon the indictment, and copy thereof furnished the accused. The court should have allowed it in this case; for there is nothing in the record showing any surprise, or want of preparation to meet this witness, on the part of plaintiff. The notice by copy is intended for the protection of prisoners, by enabling them to prepare their defence against the accusation, by the mouths of these witnesses. Courts will see that this protection is afforded them. But when

the calling of other witnesses occasions no surprise, nor makes other preparation necessary to the defence, there can be no good reason for withholding material or important testimony for the prosecution. A full and fair investigation is due to the public as well as to the accused. A new trial cannot be granted to enable them to bring forward any important testimony discovered after the commencement of the trial. Should injustice be likely to arise, the witness may be refused; should it be done by his admission, a new trial might correct it. We are, therefore, of opinion, that the rule for their exclusion should not be inflexible.

The indictment charges, that the plaintiffs, with a loaded pistol and with knives, did feloniously, wilfully, unlawfully, and of their malice aforethought, make an assault, with intent then and there the said, &c., "feloniously, wilfully, and with malice aforethought, to kill and murder."

A motion in arrest was properly overruled. The objection was to the omission of the word "unlawfully," in charging the intent. The statute defines an assault to be an "unlawful attempt." We do not think it essential, in charging the assault with intent to murder, to incorporate the definition of assault into the description of the offence. For although it is a statutory offence, yet it is not defined differently from murder; and the essential terms to charge a murderous intent are to be found in this indictment.

It is not one of that class of statutory offences referred to in argument in 1 Scam. R. 118, and in 13 Sm. & Marsh. R. 264, and 9 Mo. R. 286, where the definition of a statutory offence becomes a part of its necessary description in an indictment.

The record recites, "that this day again came the said parties by their counsel;" and after entering the decision overruling the motions for a new trial, and in arrest, it proceeds, "and neither the said defendants, nor their counsel, saying any thing further," &c., "it is ordered and adjudged by the court, that the said Jackson Perry be taken from the bar of this court, to the common jail of Cook county, from whence he came." A similar entry is recited as to each defendant.

Plaintiffs offered to prove, and place on file, certified copies of a judgment and execution, and an affidavit, in support of a motion in arrest; because Caroline Wilson had been sentenced and committed to the city bridewell; and no precept or *habeas corpus* had issued from the court, to bring her into court to receive sentence. The court refused to receive this testimony, or to arrest the judgment for this cause; and very properly.

A motion in arrest comes too late after sentence; nor would

it lie for having given, or to prevent the rendition of an illegal or erroneous sentence or judgment. It is an appeal to the law, upon the record and facts, upon which the court is asked to pass sentence or pronounce judgment. The motion is in the nature of a demurrer to the facts of the whole case and pleadings presented by the record, for want of some essential, without which a sentence or judgment thereon becomes erroneous. But it does not reach the sentence or judgment itself. If that be erroneous, it is objected to by assignment of errors.

If the object of the motion was to suspend sentence, because of the absence of the prisoners, a motion in arrest was not proper. If they were absent, any one present could have made affidavit to the fact. If to show a constructive absence these proofs were offered, they were not admissible, to contradict the observation of the judge. They seem to have been offered to show that Wilson had been sentenced and committed to the bridewell for a term not expired; and that she could not legally be in court, without precept or *habeas corpus*, nor sentenced when there. This assumption is untenable. The prisoners should be personally present in cases where corporal punishment is part of the sentence. 8 Sm. & Marsh. R. 593; 12 Wend. R. 348; 7 Cow. R. 525.

We will not, in this case, inquire into any irregularity in the mode of bringing her into court; nor correct it, by reversing sentence upon her. The keeper of the bridewell may assert his rights against the sheriff; she has no cause of complaint.

The only remaining question in this case is, the alleged unconstitutionality of the act of the 12th February, 1853, to "establish the recorder's court of the city of Chicago." By section 1, article 5, of the constitution, the legislature is authorized to establish "inferior local courts of civil and criminal jurisdiction" "in the cities in this State; but such courts shall have a uniform organization and jurisdiction in such cities."

By the above act, the recorder's court is established, with "concurrent jurisdiction, within said city, with the circuit court, in all criminal cases, except treason and murder, and of all civil cases where the amount in controversy shall not exceed one hundred dollars." Acts, 1853, p. 147, § 1.

The act is not repugnant to the constitution.

The constitution authorizes the establishment of this court, we think, in one city alone; or any greater number, as the public wants may demand.

The "uniformity of organization and jurisdiction" has respect to the courts, and not to the cities, as its antecedent. As these courts may be extended, care will be taken to introduce into

other cities one of a "uniform" character of "organization and jurisdiction;" as the power is restricted and confined to such character as shall produce uniformity in the mode of organization and extent of jurisdiction.

Any other construction of the constitution would forbid their establishment in the larger cities, where the public business demands them, until the growth and wants of all the cities should justify so great an expense. Such a construction is not required by the phraseology of the constitution, nor justified by sound policy; and is, therefore, inadmissible.

*Judgment affirmed.*