## WALKER v. THE STATE.

Indictment for assault and battery with intent to commit murder. The following charge was given to the jury: "If the defendant fired into

the crowd in question, of which A., the prosecuting witness was one, with the deliberate intention, either formed at the time or previously, of killing and murdering some one of the crowd, and that A. received a portion of the shot and contents of said gun, and was wounded thereby, it will be sufficient to establish the assault and battery with the intent charged. And if the case is otherwise made out, it will be the duty of the jury to find the defendant guilty as charged in the indictment." *Held*, that there was no error in this.

If from the battery committed by the defendant, A. had died, the intent to murder him would have been inferred from the act of shooting into the crowd; and though death did not in this case result from the shooting, that act is as good evidence of the intent to murder, as if death had ensued.

APPEAL from the *Vanderburgh* Circuit Court.

DAVISON, J.—This prosecution is founded on section 9, of the act defining felonies, &c., which declares that, "Every person who shall perpetrate an assault, or an assault and battery, with an intent to commit a felony, shall, upon conviction thereof, be imprisoned in the State prison," &c. 2 R. S. p. 397. The charge in the indictment is that *Walker*, the defendant, on, &c., at, &c., committed an assault and battery on *Charles Anderson*, with intent him, the said *Charles Anderson*, to kill and murder, &c. Plea, not guilty. Verdict for the State. New trial refused, and judgment.

The facts are substantially these: *Anderson*, about noon òn the 16th of *April*, 1856, went to the defendant's house in the city of *Evansville*, where he found him and one *Mitchell*, sitting with their shoes off, and requested them to go with him to the river and help him to launch his skiff. *Mitchell* slipped on a pair of shoes and started with him, *Anderson*, defendant saying at the time that he would be along presently. *Mitchell* and *Anderson* went down to the skiff, where they casually met with one *James Pulman*. They were standing in a crowd at the skiff, with their backs to the river bank. While they were thus standing together, the defendant was seen to run with a gun in his hands, from his house to the bank of the river, and when he got there, to fire at some object below the bank. By this shot *Anderson* and

*Monday, December 8.*

*Mitchell* were both wounded. It was proved that the defendant, immediately after the wounds were inflicted, declared that, "he would kill any one that would take his shoes; that he intended to kill him." One witness testified, that when the defendant made the above declaration, he mentioned *Mitchell* as the person who took his shoes, or mentioned his name in that connection; and *Mitchell* himself, on his examination as a witness, admitted that he had taken them. For the same shooting charged in the present case, the defendant had been previously put on his trial on a charge of committing an assault and battery on *Mitchell*, with an intent to murder him, and had been found guilty of an assault and battery only, and judgment on such finding had passed, &c.

The evidence being closed, the Court charged the jury that, "If the defendant fired into the crowd in question, of which *Anderson*, the prosecuting witness was one, with the deliberate intention, either formed at the time or previously, of killing and murdering some one of the crowd, and that *Anderson* received a portion of the shot and contents of said gun, and was wounded thereby, it will be sufficient to establish the assault and battery with the intent charged. And if the case is otherwise made out, it will be the duty of the jury to find the defendant guilty as charged in the indictment."

The appellant contends that the intent to murder is not proved as laid in the indictment, and that the conviction is therefore erroneous. It is true, the defendant's declarations, which are to some extent corroborated, conduce to show that he really intended to murder *Mitchell;* but these declarations are not the only evidence in the case. If from the battery committed by the defendant, death had ensued, the evidence in the record would, no doubt, be sufficient to have sustained a prosecution against him for the murder of *Anderson*. The intent to commit such felony would have been inferred from his act of shooting into the crowd; because every man is supposed to intend the necessary conse-

quences of his own acts. But here, death has not ensued; still, however, the act of shooting produces the same evidence of an intent to murder, as though death had ensued. The defendant having committed a battery on *Anderson*, with a weapon likely to cause death, the jury were, in our opinion, fully authorized, in view of all the evidence, to find the intent as charged in the indictment. This conclusion is sustained by a recent *English* decision made under a statutory provision similar to the one above quoted. The facts of the case decided are thus stated: "The prisoner was posted as a sentry at one post, and *Taylor* as a sentry at an adjoining post. The prisoner, intending to murder one *Maloney*, and supposing *Taylor* to be *Maloney*, shot at and wounded *Taylor*." Upon a question reserved, it was held by the Court of Criminal Appeal, that the prisoner, on the above state of facts, had been properly convicted of wounding *Taylor* with intent to murder him. *Regina* v. *Smith*, 33 Eng. Law and Eq. 567.—See, also, *Rex* v. *Howlett*, 7 C. and P. 274.—*Rex* v. *Jones*, 9 *id*. 258. We perceive no error in the instruction given to the jury.

*Per Curiam*.—The judgment is affirmed with costs.

*J. J. Chandler*, for the appellant.

*C. Baker* and *M. S. Johnson*, for the State.