West, J.
The prisoner was convicted of wounding Thomas Keegan by shooting him with intent, &g. The prosecution was instituted under section twenty-four of the crimes act, (S. & S. 265,) which provides “that if any person shall maliciously shoot * * * any other person with intent to kill, wound or maim such person, every person so offending shall be deemed guilty of a misdemeanor,” &c. The questions of chief importance presented by the *309 record arise on exceptions by the prisoner’s counsel to the ruling of the court, and are based on the assumption that criminal intent, in the sense of this statute, cannot be asserted of a killing, wounding or maiming in fact, unless the victim of the shot was the real object of the malice which induced it.
To us this seems too narrow a construction of tho statute. Criminal intent may be properly asserted of an injury by malicious shooting in either of the following cases :
1. Where the person shot is the real object of the perpetrator’s malice ; in which case the deed falls within the plain letter of the statute.
2. Where a shot discharged at one injures another, who is at the time known to be in such position or proximity that his injury may be reasonably apprehended as a probable consequence of- the act; in which case the law does not permit such reckless disregard of, and indifference to. results to pass with impunity, but will hold the intent to have embraced the victim ; and the principle is the same whether one or many are imperiled. Walker v. The State, 8 Ind. 290.
3. Where one is purposely shot, under the mistaken supposition that he is a different person ; in which case the immediate objective intention of the perpetrator is to hit the person at whom his shot is directed, while his subjective intention, which impels the deed, is to injure another against whom his malice is inflamed. In Regina v. Smith, 33 Eng. L. & Eq. R. 567, the exact question was raised on an indictment under the statute of 1 Victoria, which is here raised under our statute, and the conviction, on a question reserved, was held good.
I. It was the duty of the court, on the trial below, to instruct the jury in the law arising on the facts which the evidence tended to disclose, and which, as shown by the record, were clearly sufficient to warrant a conviction under either the second or third of the above propositions. If the instruction had been given as requested, without qualification, all the evidence arising under these propositions *310 would have been excluded from the-jury, and their deliberations have been restricted to the consideration of a case under the first proposition, which the evidence did not make. The court was therefore right in qualifying the instruction first requested.
II. For the same reason the court was justified in refusing to give , the instruction secondly requested. It had already, in substance, been given in the first instruction, and there was no propriety in repeating it, unless the prisoner was entitled to have it without qualification. This he was uot entitled to have, for, in the form requested, though sufficient to instruct the jury in a case under the first proposition, it Avould have misled them in the case at bar, and hence its refusal was proper.
III. The objection that the evidence was insufficient, rests upon the same grounds on which the exceptions to the rulings of the court are based, and is disposed of by their determination. The jury may have found that the prisoner fired recklessly at the officers while Keegan AVas known to be exposed to the probable consequence of the act; or that, in the darkness, he shot Keegan by mistake, supposing him to be the officer. The evidence Avill sustain the verdict on either hypothesis. Walker v. The State, and Regina v. Smith, supra.
IY. On the trial, the prisoner, to prove an alibi, offered a Avitness, Avho testified that about eight o’clock in the evening of the shooting he sa\v the prisoner at a point two miles from the scene of the crime, Avho informed Avitness that he wanted to obtain a pass over the railroad to St. Louis, for that he was out of Avork and desired to go to that city. The State having, on cross-examination, laid the foundation therefor, was permitted to prove, by way of impeaching said Avitness, that he, in relating to officer Heltman this pretended conversation with the prisoner, stated that the latter said he had shot Keegan, and Avanted to get a pass over the railroad to go to St. Louis.
The evidence of this conversation with the prisoner AVas immateu.al. It could not tend to prove or disprove any *311 matter in issue. The truth of such conversation may be conceded, and yet the prisoner be guilty. The impeaching evidence was therefore wholly immaterial, and not the subject of error.
The conviction will be sustained, and the cause remanded for execution of sentence.
Welch, C. J., and White, Day ana McIlvaine, JJ., concurred.