JOHN A. DUNAWAY

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon June 13, 1884.*

1. CRIMINAL LAW—*assault to murder a person other than the one intended, or without intent as to any particular one—recklessness—general malice.*  Where a person deliberately shoots at A, and in the direction of B, and the ball misses A and strikes B, inflicting a wound, these facts will sufficiently show the intention of the person shooting to kill and murder B, although he has no actual malice or ill-feeling toward B, and he may be convicted of an assault upon B with intent to kill and murder him.

2. Where an act, unlawful in itself, is done with deliberation and with the intention of killing or inflicting serious bodily harm, though the intention be not directed to any particular person, and death ensue, it will be murder at common law.  Thus, if a party fires a gun-shot into a crowd of persons with intent to murder some one, or when it is done with criminal recklessness, the killing will be murder, although no intention existed to kill any particular person.

3. Where one, without provocation, discharged his pistol directly at a group of persons, it matters not what person he intended to kill; or if, under such circumstances, he shoots a person other than the one intended, the act, from its recklessness and want of provocation, will be referred to no other cause than malice.  Such reckless acts imply general malice.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. M. BROWNING, Judge, presiding.

Mr. JAMES M. GREGG, for the plaintiff in error:

If the defendant shoots at C, with the intention of killing him, and by accident misses C and shoots D, in the crowd, and in range, without any intent to injure D, he can not be held liable for an assault with intent to murder D.  The charge is not for what the defendant did, but that in consequence of a particular intent, reaching beyond the act done, he has incurred a guilt beyond what is deducible merely from the act wrongfully performed.  1 Bishop on Crim. Law, (1st ed.) sec. 514.

If the prisoner's real intent is not the same which is laid in the indictment, he must be acquitted. 1 Bishop on Crim. Law, (3d ed.) sec. 666; *Morgan* v. *State*, 13 S. & M. 242; *State* v. *Beaver*, 5 Del. 505.

The intent charged, which constitutes the *gist* of the offence, must be specifically proved. *State* v. *Neal*, 37 Maine, 470; Wharton on Crim. Law, 316; 3 Greenleaf on Evidence, secs. 13, 17.

The intent is a question of fact, and it is error to instruct that the law presumes every man intends the natural, necessary and probable consequences of his act. *State* v. *Stewart*, 29 Mo. 419.

In burglary, if the entry is alleged to have been made with intent to commit a specific felony, the indictment is not sustained by proof of an entry with intent to commit another felony. *Morgan* v. *State*, 13 S. & M. 242; 2 East's Pleas of the Crown, 514; Roscoe on Crim. Evidence, 328; 3 Greenleaf on Evidence, sec. 17.

The court erred in refusing defendant's instruction that "proof of criminal carelessness or recklessness will not sustain an indictment for an assault to murder." 1 Bishop on Crim. Law, (3d ed.) sec. 396; *State* v. *Sloanaker*, 1 Del. 62.

Mr. WILLIAM W. CLEMENS, State's Attorney, and Mr. JAMES McCARTNEY, Attorney General, for the People:

Intent to murder—an element in the offence charged—may be implied from highly dangerous, malevolent and reckless conduct resulting in injury, or it may consist of a transfer in law of an intent to murder one, to another actually wounded by the murderous assault perpetrated.

The extracts from Bishop's Criminal Law, and Wharton's Criminal Law, and Greenleaf's Evidence, appearing in the brief of the plaintiff in error, must be taken from the early editions, as they are not found in the latest, as quoted; yet it is probably true Mr. Bishop, in his latest edition, claims

the law to be generally as insisted by the plaintiff in error. Yet Bishop lays down the broad and general rule that a criminal actor is equally responsible for the results of his wrongdoing where the consequences fall upon objects outside of those intended by him. 1 Bishop on Crim. Law, (6th ed.) secs. 327, 330, and note; Wharton on Crim. Law, (8th ed.) sec. 820; *State* v. *Bullock*, 13 Ala. 413; *McCoy* v. *State*, 3 Eng. 451; *State* v. *Boyden*, 13 Ind. 505.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

In the indictment presented by the grand jury of Williamson county, against James A. Dunaway, he is charged with an assault, with intent to commit murder, upon the person of Hartwell Hendrickson. On the trial at the November term, 1883, of the circuit court of that county, defendant was found guilty, and sentenced to the penitentiary for a period of six years.

There is very little conflict in the evidence, and the material facts can be readily ascertained. It appears that on the evening of January 4, 1883, defendant was at the door of a store in the village where the parties reside, talking with some one that was sweeping the sidewalk, when Dow Hartwell was about to pass into the store. Some conversation not of an angry character occurred between defendant and Hartwell, as to whether the latter would commence other proceedings against defendant. Shortly afterwards defendant entered the store where Hartwell and several other persons were standing or sitting around the stove, among whom was Hartwell Hendrickson. It seems Hartwell is an attorney at law, and had commenced proceedings on behalf of defendant's wife for divorce from him, but whether defendant entertained any ill-will against Hartwell on that account does not certainly appear. But little was said by defendant after he entered the store and approached the stove where the parties were,

before he drew a revolver and shot towards Hartwell, the ball taking effect on Hartwell Hendrickson, inflicting a very serious wound.   A second shot was fired, but it did not hit any one.

Defendant was no doubt under the influence of intoxicating liquors at the time of the shooting, yet not so drunk but what he knew most, if not all, that occurred.   It is not pretended by defendant, or any one for him, the pistol was accidentally discharged.   His own testimony is: "I shot it because I wanted to."   He also says he "had no feeling against either Hendrickson or Hartwell."   The judgment might be sustained on the ground the intention was sufficiently proved to kill and murder Hendrickson.   He shot in the direction he was standing, and the law is, a party intends the necessary consequences of an act deliberately done.   Giving that construction to the evidence, the instructions given by the court for the People contain nothing calculated to mislead the jury.

Section 24 of the Criminal Code, under which defendant was indicted, provides:   "Whoever attempts to commit murder,   *   *   *   by any means, shall be guilty of the crime of an assault with intent to commit murder," and the theory of the defence is, that if defendant intended to kill and murder any one, it was Hartwell.   The evidence, in some degree, at least, warrants this view of the case.   The conversation at the door of the store, before the parties entered, shows defendant had some ill-feeling towards Hartwell.   His inquiry whether Hartwell was going to "get up another suit" against him, shows unkind feeling, to say the least of it.   On the hypothesis the defendant intended to murder Hartwell, the argument is, the shooting of Hendrickson was not intended, and therefore defendant could not be guilty, under the statute cited, of an assault with an intent to murder Hendrickson.   The law is, that had defendant shot at Hartwell with intent to murder him, but killed Hendrickson, the killing of the latter would have been murder at common law.   The

rule in such cases rests on the fact there was the felonious intent to commit murder. It is said when an unlawful act in itself is done with deliberation, and with the intention of killing or inflicting serious bodily harm, though the intention be not directed to any particular person, and death ensue, it will be murder at common law. Thus, if a party fires a gunshot into a crowd of persons, with intent to murder some one, or when it is done with criminal recklessness, the killing will be murder, although no intention existed to kill any particular person. As the argument is understood, it is not denied that had the wound on Hendrickson proved fatal the killing would have been murder, could it have been established the defendant intended to kill Hartwell. The charge is, defendant assaulted Hendrickson with intent to commit murder, and the insistence is, no such intent is shown, because the intent was to murder Hartwell. The reasoning on this branch of the case is too subtle to be adopted with safety. Undoubtedly there are cases that hold the doctrine contended for, and so many of the early text writers wrote, but the better and more modern doctrine is against the position taken. Conceding, as is done, had the shot fired by defendant killed Hendrickson it would have been murder, the proposition the severe wounding by the same shot would not have been done with intent to commit murder,—that is, to commit the greater crime that might have been the result,—finds no sanction either in reason or the analogies of the law.

In the case of *Walker* v. *The State*, 8 Ind. 290, the defendant was indicted and convicted under the statute of that State, which declares: "Every person who shall perpetrate an assault, or an assault and battery, with an intent to commit a felony, shall, upon conviction thereof, be imprisoned in the State prison," and the defence insisted upon was, that defendant did not intend to shoot the prosecuting witness, and therefore the intent to murder, as laid in the indictment, was not proven. It appeared defendant deliberately shot

22—110 ILL.

.into a crowd of persons, among whom was the prosecuting witness, and who was wounded by the shot. Although defendant may also have intended to murder another person in the same crowd, it was held, defendant having committed a battery on the prosecuting witness, with a weapon likely to cause death, the jury were authorized to find the intent as charged in the indictment, and that on the principle every man is supposed to intend the necessary consequences of his own act. The case of *Callahan* v. *The State,* 21 Ohio St. 306, is a case arising under a statute not unlike the one in the case last cited, and it was ruled, where a pistol was discharged with criminal intent at one person, and wounded another, who was at the time known to be in such position or proximity that his injury might have been reasonably apprehended as a probable consequence of the act, a conviction on an indictment averring the shooting of the latter with intent, is good under the statute of that State, and that it was not error, on the trial, to instruct the jury accordingly. *Regina* v. *Smith,* 33 Eng. L. & Eq. 567.

But the question involved is not new in this court. In *Perry et al.* v. *The People,* 14 Ill. 496, defendants were indicted and convicted of an assault with intent to commit murder. On the trial, at the instance of the prosecution, the court instructed the jury that if they believed, from the evidence, that one of defendants fired the pistol, either with malice prepense, or a total disregard of human life, then the law would be for the People. In remarking on that instruction the court said : "Where the act is committed deliberately, and is likely to be attended with dangerous consequences, the malice requisite to murder will be presumed." The instruction was approved because predicated upon that principle of law which attributes malice to reckless acts of homicide, where no particular motive can be traced..

The case of *Vandermark et al.* v. *The People,* 47 Ill. 122, is analogous, both in principle and in its facts, with the case

now before this court. Defendants were indicted for an assault with an intent to commit murder, and it was insisted in that case, as here, that defendants shot at another person, and it was accidental the prosecuting witness was hit. There was a conflict in the evidence whether the defendant who fired the shot intended to shoot another person. The affray occurred between one of the defendants and Hand, and it seems another defendant drew his pistol, and the shot fired struck the prosecuting witness, who was not in the crowd. Under these circumstances, it was said by the court, the jury were warranted in the conclusion defendant was actuated by malice against the party injured, or if not, his conduct was so reckless that it implied a total disregard for the lives of others. The act was such as implied general malice, and as defendant evidently intended to shoot some one, when it was apparent it was without any provocation, the act was referred to malice, and the conviction of the party that did the shooting was sustained. The facts in the case being considered bring it precisely within the doctrine of the case cited. Here, defendant discharged his pistol directly at the group of men around the stove, and whether he intended to kill Hartwell or Hendrickson, he must have intended to kill and murder some one of the number. The act was deliberately done, and was done with such an utter, reckless disregard for the lives of others, where no apparent provocation existed for the shooting, it can be referred to no other cause than malice, and that is sufficient, on the authority of the previous decisions of this court, to sustain the conviction. The instructions given by the court at the instance of the prosecution, conform so nearly to this view of the law it is not possible they could have misled the jury, to the prejudice of defendant. Indeed, the evidence so fully warrants the conviction, it is plain to be seen the jury were not misled. That some of the instructions are subject to criticism on account of the phraseology in which they are ex-

pressed, may be conceded.   Entire accuracy in the use of language in an instruction containing a correct proposition ·of· law, would of course be desirable, but it is not always .attainable, nor can it be reasonably expected.   It is not, and ought not to be, the practice to reverse a judgment in a criminal case because some inaccuracy in word or phrase may be found to exist in an instruction which contains a correct proposition of law, although not very happily expressed. Such a practice would render the administration of the criminal law so technical and difficult as to defeat the ends of justice.   The conviction of defendant is warranted both by ·law and the evidence, and the judgment against him ought not to· be reversed on account of slight 'inaccuracies in the statement of the law, that could in nowise affect the merits of the defence.

The judgment will be affirmed.

*Judgment affirmed.*