## PATTERSON v. THE STATE.

On a trial for assault with intent to murder, it was error to charge the jury that if the assault was made with a weapon likely in its nature to produce death, the law presumes that it was made with intent to murder.

April 14, 1890.

Criminal law. Charge of court. Malice. Presumptions. Before Judge RICHARD H. CLARK. Fulton superior court. September term, 1889.

Indictment for assault with intent to murder, and conviction. The defendant's motion for a new trial was overruled, and he excepted.

R. J. JORDAN, for plaintiff in error.

C. D. HILL, solicitor-general, for the State.

BLANDFORD, Justice.

The main error assigned by the plaintiff in error in this case is, that the court erred in charging the jury as follows : " You have heard, gentlemen of the jury, the evidence as to the sort of weapon the assault was made with ; and if you believe that it was a weapon in its nature and of a sort that was likely to produce death, then the law presumes that that assault was made with the intent to murder. I say the law presumes; that is, the law raises the presumption, from the use of a weapon likely to produce death, that it was done with the intent to murder. And if you believe from the evidence that an assault was made by this defendant, and with such a weapon, then, as I say, the law raises the presumption that it was done with intent to murder; and if that presumtion is not rebutted by evidence upon the part of the defendant, the presumption that the law raises remains." This, in our opinion, was manifest error. We know of no case decided by this court that sustains this charge. The nearest case which approaches it is that of *Collier* v. *State*, 39 *Ga.* 31. In that case this court held that if a man shoot with a pistol at another and hit him, the law would presume *prima facie* that he did it with malice; that no one has a right to shoot at another with a loaded pistol in sport, and if he does so, he is responsible for the consequences, and the law will imply malice from the recklessness of the act.

Where death takes place from unlawful violence, malice includes an intention to kill. Code, §4321. But where death does not take place, there may be malice in giving the wound, but utter absence of intention to kill. The law will impute the intention to kill where there is a killing, but not where there is none. Malice in an assault by stabbing does not necessarily include an intention to kill. Malice may prompt or attend any injurious act whatever. It is a necessary ingredient, for instance, in libel, malicious mischief, and malicious prosecution. The general definition of malice is "wickedness of purpose; a spiteful or malevolent design against another; a settled purpose to injure or destroy another." Barrett's Dic. 698. From the use of a deadly weapon in a manner calculated to injure, the law will presume an intention to injure; or from the use of it with intention to kill, in a manner calculated to accomplish the intention, the law will presume that, had the killing taken place, the homicide would have been murder. But this is as far as the mere legal presumption as to malice or intent will go, on trials for assault with intent to murder. That an effect not produced, and which if produced would have constituted a different offence from that actually committed, was intended, is surely for determination by the jury as a matter of fact. The law, without the aid of the jury, can presume the malicious motive, or the intention so far as realized in the act, but not an intention beyond what was so realized.

See also *Hogan* v. *State*, 61 *Ga.* 43, where the point involved in the present case was considered. In *Kinnebrew* v. *State*, 80 *Ga.* 232, the question as to presumptions of law and presumptions of fact was extensively discussed, and the rule properly laid down by the present Chief Justice. Under the rule therein stated, this charge was error. It would have been a proper charge

for the court to have instructed the jury that if the accused assaulted the person wounded with a weapon likely to produce death, and if death had ensued it would have been murder, then the law would presume that the assault was an assault with intent to murder. This is probably as far as the court should go in a case of this character; and we know of no direct decision in this State (nor of any other State in the Union) to the effect that the law presumes, because an assault was made with a weapon likely to produce death, that it was an assault with intent to murder. Where it takes a particular intent to constitute a crime, that particular intent must be proved to the satisfaction of the jury. It does not require direct or positive proof, but the circumstances must be such as would authorize the jury (and not the court) to infer the intent with which the act was done. In Lawson on Presumptive Evidence, p. 271, rule 66, it is laid down as the correct rule that "when a specific intent is required to make an act an offence, the doing of the act does not raise a presumption that it was done with the specific intent." Where one is charged with assault with intent to murder, and it is proved that he fired a loaded pistol at another, there is no presumption of law that he intended to murder the person thus fired at. In the cases of Roberts *v.* People, 19 Mich. 401, and Mayher *v.* People, 10 *Id.* 212, we think the law is properly laid down by the court. It is there stated that the "general rule is well-settled, to which there are few, if any, exceptions, that when a statute makes an offence to consist of an act combined with a particular intent, that intent is just as necessary to be proved as the act itself, and must be found by the jury, as a matter of fact, before a conviction can be had. But especially when the offence created by the statute, consisting of the act and the intent, constitutes, as in the present case, substantially an attempt to commit some higher offence than that which

the defendant has succeeded in accomplishing by it, we are aware of no well-founded exceptions to the rule above stated, and in all such cases the particular intent must be proved to the satisfaction of the jury; and no intent in law or mere legal presumption differing from the intent in fact, can be allowed to supply the place of the latter." We think the law is correctly stated in the cases referred to. See also Wharton's Crim. Law, 316; Greenleaf on Ev. §§13, 17. See further the following cases which we have also examined: Regina v. Smith, 33 Eng. L. & Eq. Rep. 567; Vandermark v. State, 47 Ill. 122; Callahan v. State, 21 O. St. 306; State v. Beaver, 5 Harrington's Rep. 508; State v. Malcolm, 8 Clark (Iowa), 413; Regina v. Jones, 9 C. & P. 109; Regina v. Bourdon, 2 C. & K. 366; Dunaway v. State, 110 Ill. 333; Conn v. People, 116 Ill. 458; Kumkle v. State, 32 Ind. 220; Perry v. People, 14 Ill. 496; Rex v. Howlett, 7 C. & P. 274; McCoy v. State, 3 English (Ark.) 451; Cole v. State, 5 Id. 318; Lacefield v. State, 34 Ark. 275; Scott v. State, 49 Id. 156; Trevinio v. State, 27 Tex. App. 372; Moore v. State, 18 Ala. 532; Allen v. State, 52 Id. 391; Meredith v. State, 60 Id. 441; Crawford v. State, 86 Id. 16; Lawrence v. State, 84 Id. 424, Lane v. State, 85 Id. 11; Ogletree v. State, 28 Id. 693; Morgan v. State, 33 Id. 413; People v. Scott, 6 Mich. 287; Walker v. State, 8 Ind. 290; Smith v. Commonwealth, 100 Pa. St. 324; State v. Meadows, 18 W. Va. 658. At the common law, in all cases where an assault with intent to do great bodily harm, or to kill, or to murder, is charged, the intent with which the assault was made is always left by the English courts to the jury to determine. See the cases cited above. The rule may be said to be not only general but universal; and however reluctant we may be to grant a new trial in this case on account of the evidence as set out in the record, the sense of duty and obligation on our part to the law compels us to do so.            *Judgment reversed.*