# Bush *v.* The State.

*Indictment for an Assault with Intent to Murder.*

1. *Confessions; may be shown to be voluntary by circumstances.* While, as a general rule, the admissibility of a confession as having been made voluntary is determined on examination *voir dire* as to promises, threats, etc., this is not the only way in which it may be ascertained by the court as to whether a confession was voluntarily made; but when the facts and circumstances under which the confession was made affirmatively show that there was no improper influence proceeding from the person to whom they were made, or from any other person, or from the circumstances surrounding the defendant at the time they were made, such confessions are *prima facie* voluntary and admissible.

2. *Assault with intent to murder.*—On a trial under an indictment for an assault with intent to murder, a charge requested by the defendant is properly refused which instructs the jury that "Malice is an essential ingredient of murder, and if the jury are not satisfied beyond a reasonable doubt not only that the defendant fired the shot, but also that it was fired at Joe Gross with the intent to strike him and for the purpose of inflicting death and with malice, before they can find the defendant guilty as charged in the indictment;" such charge being confused and misleading, and the court not being required to instruct the jury as to the actual killing.

3. *Same; same.*—On a trial under an indictment for an assault with intent to murder, a charge which instructs the jury that unless they believe "beyond a reasonable doubt that the defendant had the specific intent to shoot" the person assaulted, they must find the defendant not guilty, is erroneous and properly refused.

4. *Same; same.*—On a trial under an indictment for an assault with intent to murder, a charge requested by the defendant which instructs the jury that they should acquit the defendant if they believe that the defendant merely fired the shot recklessly "and did not intend to shoot the defendant," is palpably faulty and misleading.

APPEAL from the City Court of Gadsden.
Tried before the Hon. JOHN H. DISQUE.

[Bush v. The State.]

The appellant in this case, John Bush, was indicted, triet and convicted for an assault with intent to murder one Joe Gross. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The court charges the jury that malice is an essential ingredient of murder, and if the jury are not satisfied beyond a reasonable doubt not only that the defendant fired the shot, but also that it was fired at Joe Gross with the intent to strike him and for the purpose of inflicting death and with malice before they can find the defendant guilty as charged in the indictment." (2.) "Even if the jury may believe that the defendant fired the shot that struck Joe Gross, yet unless the jury further believe beyond a reasonable doubt that the defendant had the specific intent to shoot Joe Gross, they must find the defendant not guilty." (3.) "If the jury believe that the shot was fired by the defendant, but that as he went out of the door he merely fired the shot recklessly and did not intend to shoot the defendant, they must find the defendant not guilty."

HUBERT T. DAVIS, for appellant.—The court erred in admitting in evidence the confessions of the defendant. No proper predicate was laid to authorize such admission.—*Bradford v. State,* 104 Ala. 68; *Amos v. State,* 83 Ala. 1; *Wilson v. State,* 84 Ala. 426; *McAlpine v. State,* 117 Ala. 99; *Banks v. State,* 84 Ala. 430.

MASSEY WILSON, Attorney-General, for the State. The evidence of the witness Miller as to the confession made by the defendant, was properly admitted.—*King v. State,* 40 Ala. 314; *Washington v. State,* 53 Ala. 29; *Levison v. State,* 54 Ala. 520; *Washington v. State,* 106 Ala. 59; *Stone v. State,* 105 Ala. 60, 69; *Johnson v. State,* 59 Ala. 37; 1 Mayfield's Digest, 202, 203, 204.

Charge number one was properly refused. It had a tendency to mislead the jury. The court was not bound

to charge anything as to an actual killing.—*Moore v. State,* 18 Ala. 532; *Ogletree v. State,* 28 Ala. 693, 703; *Simpson v. State,* 59 Ala. 1.

DOWDELL, J.—The defendant was tried and convicted on an indictment for an assault with intent to murder. On the trial the State introduced as a witness one Henry Miller, who testified as follows: "I had a conversation with defendant on the next day after Joe Gross was shot, it was at church, I had been to Joe Gross', and then went to church where I saw defendant, and went to him and said to him, why did you shoot Uncle Joe?" Here the bill of exceptions recites, "the defendant interposed an objection on the ground that the proper predicate had not been laid;" meaning by this, we suppose, the examination preliminary to the admission in evidence of a confession by the defendant. The court thereupon said to the witness: "State the conversation just as it occurred, between him and the defendant, what the witness said to the defendant, and what reply defendant made." The witness answered as follows: "I went to see defendant, and I said to him, John, Uncle Joe claims you shot him, defendant replied I wouldn't have shot him, if he, Joe, hadn't been trying to shoot *him.*" The bill recites that "the court then ruled that the testimony was competent, and the defendant then and there duly excepted to the ruling of the court." The witness then further testified: "I did not see defendant for some time after this, he went away, it was about a month before I saw him again. I didn't have any feelings against him the defendant at the time I had the conversation. My feelings are good toward the defendant now. I have had some feelings against the defendant some time ago but not now." The State had previously examined as a witness Joe Gross, the person alleged to have been assaulted, who testified that the defendant shot him one night at a dance. It is insisted that the court erred in admitting the testimony of the witness Miller. The insistence being that "the proper predicate was not laid," showing that the confession was voluntary. The question of admissibility of a confession is, of course, addressed to the court, and

is usually determined upon a preliminary inquiry made to ascertain whether the same was voluntary or involuntary, that is to say, whether or not it was induced or obtained under the influence of hope or fear, and the practice commonly pursued, is by direct questions to the witness as to whether any promises or threats were made, exciting either hope of fear, whereby the defendant was induced or coerced into making the confession. But this is not the only way in which it may be ascertained by the court as to whether the confession was voluntarily made. The attendant circumstances at the time of the alleged confession is made, the character of the conversation in which the confession is made, the relation of the parties to such conversation, may in themselves be sufficient to affirmatively show that there were no improper influences employed, such as were calculated to excite either hope or fear. In such a case it would be a useless formality for the court to ask the witness the ordinary preliminary questions, as to whether he made the defendant any promise, or made any threats, to induce him to confess. Here the witness met the defendant the day after the offense charged was committed, at a church, when witness had the conversation with the defendant. The witness upon examination by the court, stated the conversation "just as it occurred." The situation of these parties, the time and place, the nature and character of the conversation, satisfied the trial court, who had the witness and defendant both before it, that the confession was voluntary, and we are unable to discover anything in the record to lead us to the conclusion that the court below committed any error in admitting the testimony of the witness Miller. The following authorities, we think, fully sustain our conclusion: *King v. State,* 40 Ala. 314; *Washington v. State,* 53 Ala. 29; *Levison v. State,* 54 Ala. 520; *Johnson v. State,* 59 Ala. 37; *Stone v. State,* 105 Ala. 60; *Washington v. State,* 106 Ala. 59.

Charge No. 1 requested by the defendant was confused and misleading. Moreover, the court was not required under the law to charge anything as to an actual killing, and the court properly refused the same.—*Simp-*

*son v. State,* 59 Ala. 1; *Ogletree v. State,* 28 Ala. 693, 703; *Moore v. State,* 18 Ala. 532.

Charge No. 2 was faulty, if for no other reason, in that it required the court to instruct the jury that a *specific intent* on the part of the defendant to shoot Joe Gross, the party alleged to have been assaulted, was necessary to a conviction of the defendant. A like charge was condemned by this court in the case of *Walls v. State,* 90 Ala. 618.

Charge No. 3 requested by the defendant is palpably faulty and misleading. This charge instructs the jury to acquit if they should believe the defendant merely fired the shot recklessly and did not intend to shoot the *defendant.*

We find no error in the record, and the judgment will be affirmed.