# The People of the State of Illinois, Defendant in Error, v. Charles Clink, Plaintiff in Error.

## Gen. No. 25,379.

1. ASSAULT AND BATTERY, § 24*—*when automobile is deadly weapon.* A deadly weapon within the meaning of the Statute on Assault (chapter 38, sec. 25, J. & A. ¶ 3507) is any instrument so used as to be likely to produce death or great bodily harm, and an automobile may be such a deadly weapon within the meaning of the statute, when so used.

2. ASSAULT AND BATTERY, § 24*—*automobile as instrument of assault with deadly weapon.* An automobile may be so used as to show intent to inflict bodily harm or death, and intention may be implied from highly dangerous and reckless conduct resulting in injury, wherefore an automobile may be an instrument of an assault with a deadly weapon, and the reckless driver may be subjected to the penalties of the criminal law (Criminal Code, ch. 38, sec. 25, J. & A. ¶ 3507).

3. ASSAULT AND BATTERY, § 24*—*when driver of automobile is guilty of assault with deadly weapon.* Evidence held to show beyond a reasonable doubt that a person delivering newspapers in a horse-drawn wagon was injured by the act of defendant in driving an automobile while partially intoxicated, on a clear night, without lights or signaling of horn, and that the defendant ran his car rapidly on the street, without any diligence or care for other vehicles, being wholly reckless and indifferent to the consequences of any one else in his way, and since the natural and probable consequence of such conduct would be the infliction of injury and perhaps death, the defendant must have intended to inflict the injuries to the person involved, and he was guilty of assault with a deadly weapon.

4. ASSAULT AND BATTERY, § 38*—*when fine of $1,000, imposed on driver of automobile, is not excessive.* A fine of $1,000 imposed upon a defendant found guilty of assault with a dangerous weapon, an automobile, is not excessive, when the act of driving the automobile resulted in serious and permanent injuries to a driver of another vehicle.

Error to the Municipal Court of Chicago; the Hon. CHARLES WILLIAMS, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed January 26, 1920.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

FRANK N. HILLIS, for plaintiff in error; JOHN F. HIGGINS, of counsel.

MACLAY HOYNE and EDWARD E. WILSON, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Upon information it was charged that on January 3, 1919, the defendant, Clink, "with a certain instrument commonly called an automobile, said automobile being a dangerous and deadly weapon," made an assault upon John Herbeck, contrary to the statute, etc. Upon trial by the court he was adjudged guilty and fined $1,000. By this writ of error he seeks the reversal of the judgment.

It is contended that an automobile is not a deadly weapon within the meaning of the Statute on Assault, sec. 25, ch. 38 (J. & A. ¶ 3507). It is probably true that very nearly all of the reported cases involving a deadly weapon relate to an instrument that was lifted by the hand in making the assault, most frequently something in the nature of a bludgeon. There is no sound reason why the deadly nature of the instrument should be determined solely with reference to its use while lifted in the hands; any instrument which through human control is the means of inflicting a blow may be a deadly weapon. It is any instrument so used as to be likely to produce death or great bodily harm. (Bouvier's Law Dictionary; *McNary v. People,* 32 Ill. App. 58.) In *Acers v. United States,* 164 U. S. 388, it was held that "anything, no matter what it is, * * * whether it was made by him for some other purpose, * * * if it is a thing with which death can be easily and readily produced, the law recognizes it as a deadly weapon." This definition includes an automobile when used in a manner likely to produce death or great bodily harm.

Can one so use an automobile as to show intent to inflict bodily harm or death? We hold that it can be so used. In the recent case of *People v. Adams*, 289 Ill. 339, the defendant was indicted for manslaughter with an automobile as the instrument. The opinion, in discussing the trial of the case, assumes the propriety of the charge, saying:

"Negligence, to be criminal, must be gross or wanton negligence. Gross negligence is negligence that borders onto recklessness, and wanton negligence, as applied to the running of motors and vehicles, implies a positive disregard of the rules of diligence and a reckless heedlessness of consequences, according to Babbitt, in his work on motor vehicles, section 1517. * * * Negligence, to become criminal, must necessarily be reckless or wanton and of such a character as shows an utter disregard of the safety of others under circumstances likely to cause injury. *People v. Falkovitch*, 280 Ill. 321."

An excellent statement of the general principles is contained in *Aiken v. Holyoke St. R. Co.*, 184 Mass. 269:

"The law is regardful of human life and personal safety, and if one is grossly and wantonly reckless in exposing others to danger, it holds him to have intended the natural consequences of his act, and treats him as guilty of a wilful and intentional wrong. It is no defense to a charge of manslaughter for the defendant to show that, while grossly reckless, he did not actually intend to cause the death of his victim. In these cases of personal injury there is a constructive intention as to the consequences, which, entering into the wilful, intentional act, the law imputes to the offender, and in this way a charge which otherwise would be mere negligence becomes, by reason of a reckless disregard of probable consequences, a wilful wrong. That this constructive intention to do an injury in such cases will be imputed in the absence of an actual intent to harm a particular person, is recognized as an elementary principle in criminal law."

In *State v. Schutte,* 87 N. J. L. 15, the defendant was convicted of an assault and battery, with an automobile as the instrument, and this was affirmed, the court saying there were few, if any, decided cases in which the assault was committed with an automobile, "a comparatively modern appliance, but the principles involved are as old as the criminal law itself"; and

"The running of a car at a high rate of speed is an act in which the will of the driver concurs and hence is clearly a wilful act as distinguished from merely negligent conduct when considered with respect to the state of mind of the offender, which is what the criminal law considers."

And the opinion concludes:

"There is, therefore, no legal reason why the crime of assault and battery may not be committed by driving an automobile on a public highway at a rate of speed that endangers the safety of other persons and actually results in such an injury."

Intention may be implied from highly dangerous and reckless conduct resulting in injury. *(Dunaway v. People,* 110 Ill. 333; *Perry v. People,* 14 Ill. 496.) Intent gathered from the natural consequence of reckless driving of an automobile is supported by cases cited in Babbitt on Motor Vehicles (1911 Ed.), sec. 845, and in Huddy on Automobiles (5th Ed.), sec. 757. Consideration of the above cases and of the fundamental principles thereof leads clearly to the conclusion that an automobile may be an instrument of an assault with a deadly weapon, and the reckless driver subjected to the penalties of the criminal law.

The trial court was justified in finding the facts to be that in the early morning, about 4 o'clock of January 3, 1919, John Herbeck was delivering newspapers in a horse-drawn wagon in the City of Chicago. It was clear; an ordinary object could be observed nearly two blocks away. The wagon had a step at the rear on which the driver stood. It was standing near 24th

street, on the southbound street car track, when Herbeck, having delivered some papers near by, got on the rear end, standing on the step, and started southward. He had gotten but a little way when he was struck by an automobile coming from the north. This automobile was driven by the defendant, Clink. The results to Herbeck were injuries to the head, right leg broken in two places and the left leg so shattered as to necessitate amputation. The front of the automobile was damaged and the windshield broken. There were no lights on Clink's automobile and no horn was sounded as it approached. Clink testified that he was running from 15 to 18 miles an hour. There was convincing evidence that he was somewhat intoxicated. After the collision Herbeck called to Clink to take him to a hospital, which he finally did, although showing no readiness to help Herbeck. An officer who heard the crash came to the scene, and together they drove to the hospital. Clink was so under the influence of liquor that he could not help the officer take Herbeck into the hospital. In the hospital Clink began to quarrel with Herbeck, but was stopped by the officer. Later the officer told Clink to wait for him and he would take him to the police station; while the officer was hitching Herbeck's horse Clink drove away. He was traced and arrested about 3 weeks afterwards.

Defendant's story is that as he was going south he saw Herbeck lying in the street and that attempting to avoid him he turned out of the roadway and collided with a trolley pole at the curb line. He also denied being intoxicated. We are of the opinion, however, that the evidence shows beyond a reasonable doubt that the injury was inflicted as described by plaintiff's witnesses; that while partially intoxicated, on a clear night, without lights or signaling with the horn, defendant ran his car on the street rapidly, without any diligence or care for other vehicles and wholly reckless and indifferent to the consequences of any one else

being upon the street in his way. The natural and probable consequence of such conduct would be the infliction of injury and perhaps death to any one in front of him, and under the circumstances he must be held to have intended to inflict the injuries which Herbeck suffered.

The amount of the fine is not excessive. The injuries to Herbeck were serious and permanent, and the reckless act of the defendant should not be treated lightly. The finding and sentence of the court are in accord with the law and the evidence and the judgment will be affirmed.

*Affirmed.*