HOGAN vs. THE STATE OF GEORGIA.

```
61    43
85   133
61    43
125    13
```

Upon a trial for the offense of assault with intent to murder, the stabbing being admitted, malice will be presumed, and the *onus* of rebutting this presumption is on the defendant.

Criminal law.  Presumptions.  Before Judge POTTLE. Lincoln Superior Court.  April Term, 1878.

Reported in the decision.

W. D. TUTT, for plaintiff in error, cited as follows: No malice shown, 39 *Ga.*, 31; 41 *Ib.*, 505.  Evidence insufficient, Code, §3749; 20 *Ga.*, 167; 22 *Ib.*, 235.  No presumption of malice, 1 Gr'l'f on Ev., 115–117, notes b and c; Code, §4369; 39 *Ga.*, 31; 41 *Ib.*, 505.  Sudden quarrel, 15 *Ga.*, 223; 30 *Ib.*, 67; 46 *Ib.*, 148.

SEABORN REESE, solicitor general, for the state, cited as follows: Presumption of malice, 39 *Ga.*, 31.  Sudden quarrel, 30 *Ga.*, 67.

WARNER, Chief Justice.

The defendant was indicted for the offense of an assault with intent to murder, and upon his trial therefor, was found guilty.  A motion was made for a new trial on the several grounds therein stated, which was overruled by the court, and the defendant excepted.

The evidence is that the defendant cut Freeman on the right side of his neck, and left breast, with a pocket knife; that defendant was mad with him.  The court charged the jury, amongst other things, " that the stabbing being admitted, the law presumes malice, and the presumption becomes conclusive unless it is rebutted by proof.  I do not mean to say the defendant must bring witnesses, he may rebut it by the state's own witnesses."  In view of the evidence in the record, we find no error in the charge of the court.  The

jury were the proper judges, from the evidence before them, with what intent the stabbing was done by the defendant. There was no error in overruling the defendant's motion for a new trial.

Let the judgment of the court below be affirmed.