PASCAL *vs.* THE STATE OF GEORGIA.

1. There was no error in the charge in this case, except as hereinafter stated.
2. It was objectionable for the court to charge that the law requires that confessions of guilt must be received with great caution, to the extent that, under our law, a witness will not be allowed to testify concerning confessions in the presence of the jury at all, until the court has observed that caution which the law requires to be observed, to see whether or not they were voluntarily made, and whether they were induced by the slightest hope of benefit or the remotest fear of injury; if they were thus induced, they could never go to the jury at all; when that caution has been observed, and they are presented to the jury, then the jury must still scan them; but if they are shown to have been voluntarily made upon the part of the defendant, then they are to be received by the jury for what the jury consider them worth, the same as other testimony.   This charge is not satisfactory, and if this case were a close one, it might cause a reversal; but the verdict was demanded by the evidence, and whatever error there may have been in the charge excepted to, it did not work any injury to the plaintiff in error.

February 26, 1887.

Criminal Law.   Confessions.   Charge of Court.   Verdict.   Before Judge MERSHON.   Ware Superior Court. April Term, 1886.

Reported in the decision.

JOHN C. MCDONALD; LEON A. WILSON, by HARRISON & PEEPLES, for plaintiff in error.

CLIFFORD ANDERSON, attorney-general; J. I. CARTER, solicitor-general, by S. W. HITCH, for the State.

BLANDFORD, Justice.

The plaintiff in error was indicted by the grand jury of the county of Ware for the offence of murder, in that it was alleged he had killed and murdered his daughter, Maria Daley. The jury found him guilty, and recommended imprisonment in the penitentiary for life; and such was the judgment of the court. The testimony of the State showed that, on the 5th of January, 1885, Wade Daley, the husband of the deceased, and the accused had a conversation, in which the accused agreed to go to a certain mill after his daughter, Daley's wife. This was in the afternoon of that day. It further showed that he went to a certain church which was two miles off; there he saw his son and requested him to go into the church and tell the deceased to come out. When she came out, he took her by the sleeve, and they started in the direction of his house. About dark, Daley, the husband, asked him where the deceased was, and why he did not bring her home. He replied that she had refused to come and left him, that he left her about the crossing, down about the boxes (a turpentine orchard, known as the boxes). The next morning, the accused left home. The next time he was seen was in the city of Savannah; and while there, near the depot, he confessed to Peter Likely that he had killed his daughter, and that he went to church and got her, and on his way home she made him mad, and the devil got possession of him and he killed her. The body of the deceased was found, some three weeks after her disappearance, about half way between the church and the house of the accused.

Her arm was broken, her head was crushed in and had been crammed into the hollow of a log. This was substantially the evidence in the case.

1. The accused made a motion for new trial on several grounds, which was denied by the court, and to this denial he took exceptions, and error is assigned thereon. We have scrutinized the record in this case very closely, and are satisfied that there was no error committed by the court in its charge to the jury, except as hereinafter stated. It seems to us a full and fair presentation of the law, giving to the jury the full theory of the defence of the accused.

2. The main assignment of error contended for here is, that the court instructed the jury that the law requires that confessions of guilt must be received with great caution, to the extent that, under our law, a witness will not be allowed to testify concerning confessions in the presence of the jury at all, until the court has observed that caution which the law requires to be observed, to see whether or not they were voluntarily made, and whether they were induced by the slightest hope of benefit or the remotest fear of injury; if they were thus induced, they could never go to the jury at all; when that caution has been observed, and they are presented to the jury, then the jury must still scan them; but if they are shown to have been voluntarily made upon the part of the defendant, then they are to be received by the jury for what the jury consider them worth, the same as other testimony. The objection to this charge seems to be that it withdrew from the consideration of the jury the question whether the confessions were voluntarily made. This part of the charge we are not satisfied with, and if the case were a close one, it might operate to reverse the judgment of the court below; but the verdict of the jury in this case was demanded by the evidence, and whatever error there may have been in the charge excepted to, it did not work any injury to the plaintiff in error.

. Judgment affirmed.