## LANIER *v.* THE STATE.

On the trial of one charged with the offense of an assault with intent to murder, it is error for the court to charge the jury: "If the defendant cut his wife with a weapon likely to produce death, with malice, under such circumstances as would have made him guilty of murder had death ensued, then I charge you that he would be guilty of the offense of an assault with intent to murder." And while this error is not entirely cured by further instruction of the court to the effect that the use of the deadly weapon would not of itself authorize the inference of malice, and that the jury would determine the existence of malice or not from the character of the assault and the intent with which it was made, yet when it clearly appears from the undisputed testimony that the guilt of the accused was thoroughly established, and where there is nothing either in the testimony or in the prisoner's statement which could possibly authorize any inference that there was not an intent to kill under circumstances that make it an aggravated case of an assault with intent to murder, this court will not reverse the judgment of the court below in overruling the motion for a new trial because of error in the charge above quoted.

Argued January 16, — Decided Febuary 1, 1899.

Indictment for assault with intent to murder.   Before Judge Hutchins.   Gwinnett superior court.   November 16, 1898.

*John R. Cooper* and *Oscar Brown*, for plaintiff in error.
*C. H. Brand, solicitor-general,* contra.

LEWIS, J.   Andrew Lanier was tried in Gwinnett superior court, under an indictment charging him with the crime of an assault with intent to murder, was convicted, and excepts to the judgment of the court overruling his motion for a new trial.   Briefly stated, the uncontradicted evidence, as shown by the record, is as follows :   The person alleged to have been assaulted was the wife of the accused.   The accused seems to have become angered on account of her talking with another man at or near a church in the county where the crime was alleged to have been committed.   He made an assault upon her with a razor, cutting her three times; one of the wounds inflicted was in the neck, and came very nearly resulting in her death, lacking, according to the physicians who examined the wound, only the thickness of paper in severing an artery which, if cut, would necessarily have resulted in death.   The wounds were large and deep, extending several inches.   There was further testimony that the defendant had been drinking some that day, but was not drunk at the time of the assault.   Just prior to the assault the accused threatened the life of his wife by stating that he intended "to cut her damned head off."   The following is the defendant's statement:   " At the time I was said to do this, I did not intend to do anything of the kind. I didn't intend to hurt her, though I did hurt her in some way." The only ground in the motion for a new trial that merits any consideration whatever is exception to the following charge : "Gentlemen of the jury, if the defendant cut his wife with a weapon likely to produce death, with malice, under such circumstances as would have made him guilty of murder had death ensued, then I charge you that he would be guilty of the offense of assault with intent to murder."   In the certificate of this ground of the motion the court gave the following explanation with reference to the charge just quoted:   "The court charged that the mere use of a deadly weapon would not of it-

self authorize the inference of malice, and that the jury would determine the existence of malice or not from the character of the assault, and the intent with which it was made."

The charge of the court first above quoted is clearly error. It is based upon the idea that when an assault is made upon one with malice, with a weapon likely to produce death, under such circumstances as would have made it murder had death ensued, then the jury, as a matter of law, were compelled to find that the assault was made with an intent to kill. Such a presumption of *an intent to kill* does follow when a homicide has been committed, because the purpose of the law is to hold the slayer responsible for the consequences of his act; not the consequences which might have ensued, but those which actually do ensue. But when death does not ensue from an assault made with a deadly weapon, there is no foundation for such a presumption, the main ground of which is the killing itself. An intent to kill is a necessary element to constitute the offense of an assault with intent to murder. An assault may be made with a deadly weapon and with malice, yet at the same time not made with an intent to kill. Whether there existed such an intent or not is a question of fact for the jury. In order for the *law* to infer an intent, there must have been a killing. This principle has been so thoroughly established in the following cases decided by this court, that any further discussion on the subject is entirely unnecessary. *Gilbert* v. *State,* 90 *Ga.* 691; *Gallery* v. *State,* 92 *Ga.* 463; and authorities cited in both cases. Nor can we say that the explanation given by the court entirely relieves the charge excepted to of error. The judge states that he further instructed the jury that the use of a deadly weapon would not of itself authorize the inference of malice, and that the jury would determine the existence of malice or not from the character of the assault, and the intent with which it was made. But the question is whether or not the use of a deadly weapon under circumstances likely to produce death would necessarily require, as a matter of law, that the jury should infer an *intent to kill.* While we think the charge complained of was error, yet we do not think this error of law is of such a nature as to require the grant of a new trial, in the light of the record be-

fore us. The testimony in behalf of the State leaves no room whatever for doubt that the accused made an assault upon his wife with an intent to kill her, and under circumstances that would have made it a most aggravated case of murder had death ensued. From the brief statement that he made in his own behalf, there is no effort whatever to excuse or justify the deed, but merely to state, in explanation of the crime, that he was drinking at the time, and did not intend to hurt her. The grant of a new trial could not legally or rightly result in any other verdict than that found by the jury. There being no room, therefore, to doubt the guilt of the defendant, we can not say that the charge complained of operated with prejudice or injury against the prisoner. It would seem a mere farce in judicial procedure to grant a new trial in such a case, when the only legal and proper effect of such course would be the same verdict by another jury. This court has in several cases committed itself to the doctrine, that it does not necessarily follow, even in a criminal case, that a new trial will be granted, notwithstanding there may be palpable errors, either in the charge of the court to the jury, or in the admission or rejection of testimony. *Pascal* v. *State*, 77 *Ga.* 596; *Perry* v. *State*, 102 *Ga.* 365; *Luby* v. *State*, 102 *Ga.* 633.

<div align="center">

*Judgment affirmed.　All the Justices concurring.*