## CARPENTER *v.* THE STATE.

</div>

As the statement of the accused, made in the trial, demanded the verdict, a new trial was properly refused, even though the charge of the court may not have been entirely accurate.

<div style="text-align:center">

Argued February 22,—Decided March 2, 1905.

</div>

Conviction of shooting at another.    Before Judge Holden. Hart superior court.    December 22, 1905.

*A. G. & Julian McCurry*, for plaintiff in error.
*David W. Meadow, solicitor-general*, contra.

FISH, P. J.    Nealy Carpenter was indicted for assault with intent to murder, and was convicted of the offense of shooting at another, not in her own defense, etc.   She excepted to the overruling of her motion for a new trial.   The motion for a new trial contained the general ground, and several special grounds complaining that the court erred in its charge to the jury, in not

properly instructing them as to the different circumstances under which sections 70, 71, and 73 of the Penal Code, were respectively applicable. Under the view we take of the case, it is not necessary to pass upon the special grounds of the motion. The evidence for the State made out a clear case of assault with intent to murder against the accused, and her statement to the jury, if it did not make out the same offense, at least made out an equally clear case against her of the offense of shooting at another, not in her own defense, etc., and, as we have already stated, she was found guilty of the latter offense. From her statement it appears that she and one Mandy Stinson, the person upon whom the offense charged in the indictment was alleged to have been committed, had an altercation and a fight; that after the fight had terminated, and while Mandy was making no effort to do the accused any bodily injury, the accused shot her with a pistol. The statement of the accused was practically a confession of her guilt of the offense for which she was found guilty; and therefore the court did not err in refusing to grant a new trial, even if the instructions to the jury were not entirely accurate. In this connection, see *Lanier* v. *State,* 106 *Ga.* 368, and cases cited. *Judgment affirmed. All the Justices concur.*