## ADAMS *v.* THE STATE.

|125    11|
|f125  778|

1. The charge of the court with respect to the prisoner's statement did not leave the jury free to act arbitrarily in attaching to it such credence and weight as they saw fit.

2. A malicious intent to kill is not, as matter of law, to be presumed whenever one person shoots at another with a gun, unless the shooting be neither in self-defense nor under circumstances of justification.

(a) In view of the undisputed facts of this particular case, the charge of the court on this subject, while not correct in the abstract, was not harmful to the accused.

(b) Upon a prosecution for assault with intent to murder, proof that the accused shot at and wounded another without legal excuse will raise a presumption of law that the shooting was maliciously done; but a specific intent to kill is never to be presumed where death does not ensue, and must be shown by circumstances authorizing the jury to infer, as matter of fact, that the accused had that intent.

3. It was entirely proper for the court to inform the jury, regardless of the contentions of the accused, that if the shooting was without excuse under the law, "it would be no defense, nor would it mitigate the crime," if the person shot by the accused fired back at him.

4. The instructions given the jury with reference to the defense of alibi were not objectionable because the place at which the shooting occurred was referred to by the court as "the scene of the crime," instead of being designated "the scene of the offense."

5. A general complaint in a motion for a new trial that the entire charge of the court touching certain vital issues was not clear, accurate, and impartial, but was more favorable to the State than to the accused, does not present any sufficiently specific assignment of error.

Submitted February 19,—Decided March 22, 1906.

Indictment for assault with intent to murder. Before Judge Wright. Chattooga superior court. December 16, 1905.

*F. W. Copeland,* for plaintiff in error. *W. H. Ennis, solicitor-general, Walter B. Shaw,* and *Wesley Shropshire,* contra.

Evans, J.   The bill of exceptions sued out in this case presents an assignment of error upon the overruling of a motion for a new trial made by Newt Adams, who was tried and convicted upon an indictment charging him with the offense of assault with intent to murder.   The evidence, as counsel for the accused very properly concedes, was sufficient to warrant the verdict of guilty; and it should be upheld, unless, for some reason assigned in the special grounds of the motion, it is made to appear that the accused was denied a fair and impartial trial.

1. Complaint is made of the following charge to the jury, concerning the prisoner's statement:   "You can give that statement just such credence as you think it ought to have; you may believe it, if you want to do so, in preference to the sworn testimony in the case, or may believe it in part, or reject it in part, or reject it altogether."   The criticism made upon this charge is that the court, instead of telling the jury that they might, should they "want to do so," believe the statement in preference to the sworn testimony, ought to have instructed the jury that "defendant's statement should have just such force only as the jury [might] think right to give it."   We find, upon an examination of the record, that the court added to the above-quoted excerpt the following express injunction: "Give it just such weight and credence, gentlemen of the jury, as you think it ought to have in determining the truth of this issue."   It is not to be assumed, therefore, that the jury understood that they were at liberty to act arbitrarily in the matter, nor was the accused prejudiced by the instruction excepted to, which, if at all misleading, was calculated to impress the jury with the idea that if for any reason they should "want to do so," they could give credence to his statement in preference to the sworn testimony.

2. Exception is also taken to the following charge: "Malice will be presumed in the case of an assault with intent to murder, whenever one persons shoots at another with a shotgun."   It is insisted that this instruction was erroneous, "for the reason that it stands unqualified on the question of justification, homicide, and the doctrine of self-defense, and tends to express an opinion of the court on the question of malice, independent of defenses set up by defendant by his plea of not guilty."   The court certainly did not express or intimate any opinion as to any fact at issue, but simply

undertook to state under what circumstances the law would presume malice. If the charge was a correct statement of the law, it clearly did not amount to an expression of opinion as to the intent of the accused. *Vann* v. *State,* 83 *Ga.* 45, 54. Even if the charge did not correctly state the law, it did not intimate any opinion as to any question of malice presented by the defense interposed; for the accused relied solely upon the defense of alibi, not upon the doctrine of self-defense or justifiable excuse for the shooting. All of the evidence showed that the shooting was wholly without justification or mitigation, and the sole question presented to the jury for determination was whether or not the accused was the perpetrator of the outrage. A malicious intent is not, as matter of law, to be presumed "whenever one person shoots at another with a shotgun," unless the shooting be neither in self-defense nor under circumstances of justification. Penal Code, §113. But, under the facts of this particular case, the failure of the judge to qualify the instruction by adding that the presumption of a malicious intent only arises where the shooting was without legal excuse does not call for a reversal of the judgment denying a new trial. *Young* v. *State,* 95 *Ga.* 456 (2) ; *Sharpe* v. *State,* 105 *Ga.* 588; *Holston* v. *Ry. Co.,* 116 *Ga.* 661; *Napper* v. *State,* 123 *Ga.* 571. As this omission to qualify the charge given did not affect any substantial right of the accused, under the undisputed facts concerning the circumstances attending the shooting, the exception taken to the charge can avail him nothing. We are not, however, to be understood as approving a charge, even with such a qualification, when given without explanation on the trial of one indicted for assault with intent to murder. Standing by itself, the jury might be thereby led to believe that the "malice" which the law would presume against the offender was a malicious intent to commit murder, whereas the only legal presumption which could arise would be that the shooting was maliciously done. If one shoot at another with a pistol and hit him, the law presumes, prima facie, that he did it with malice (*Collier* v. *State,* 39 *Ga.* 31) ; and, in a prosecution for assault with intent to murder, if the accused admits stabbing the prosecutor, a like presumption will arise, and the onus of rebutting this presumption is on the accused. *Hogan* v. *State,* 61 *Ga.* 43. But where death does not result from the use of a deadly weapon,

there may be malice in giving the wound, but utter absence of an intention to kill. *Patterson* v. *State,* 85 *Ga.* 133. As was said in the case last cited: "The law will impute the intention to kill where there is a killing, but not where there is none." While, therefore, a presumption of malice will arise from the use of a deadly weapon, a specific intent to kill will not be presumed where death does not ensue, and the existence of such intent is a question of fact to be passed on by the jury. *Gilbert* v. *State,* 90 *Ga.* 691; *Gallery* v. *State,* 92 *Ga.* 463; *Jackson* v. *State,* 103 *Ga.* 417; *Lanier* v. *State,* 106 *Ga.* 368; *Vann* v. *State,* 83 *Ga.* 45(8). In the present case the trial judge recognized this rule of law, and, immediately after giving the charge complained of, instructed the jury that an intent to kill was not to be presumed, but the burden was upon the State to show the intent to kill; and if there was no intent to kill, there could be no conviction of assault with intent to murder, though there might be a conviction of the offense of shooting at another, not in self-defense or in defense of the person. The jury were further told, in this connection, that it was incumbent upon the State to show that the assault was made with a weapon in its nature likely to produce death, and if this fact was not shown, the defendant could not be convicted of assault with intent to murder. In view of these instructions, it is evident that the charge complained of could not have been misunderstood by the jury, especially as the court, before concluding the charge, submitted to them the question whether the accused "fired or shot at the party named in the indictment without any excuse or justification under the law."

3. The jury were instructed, at the request of the solicitor-general, that should they decide this question in the affirmative, then "it would be no defense, nor would it mitigate the crime, if the other party fired back at him." Error is assigned on this instruction, for the reasons, (1) that the fact that the person alleged to have been assaulted shot at the accused was brought out by the State, and not by him; (2) that this fact was never in any manner relied on by him as any part of his defense, as the jury were led to infer from this instruction; and (3) that it tended to impress the jury with the idea that, in the opinion of the court, this circumstance was material to the prosecution, that the accused was guilty, and

that he sought to avail himself of a defense which was wholly without merit. The record discloses that the fact that the person assaulted returned the fire was first brought out by counsel for the accused on cross-examination of the prosecutor. Whether the accused did, or did not, urge this circumstance as a matter of mitigation, it was eminently proper for the court to inform the jury that under the law it could in no way excuse or mitigate the offense. The accused was not entitled to any incidental benefit which might accrue to him from the jury being kept in ignorance of what importance the law attached to the conduct of the person assaulted after he was fired upon.

4. The fourth headnote sufficiently deals with the assignment of error on the charge relating to alibi.

5. In two of the grounds of the motion for a new trial exception is taken to the charge of the court in its entirety, for the reasons that it did not clearly and accurately present the law on the subject of assault, or correctly and impartially state the law bearing upon assault with intent to murder, but was more favorable to the State than to the accused. As has been repeatedly ruled, a general exception of this nature does not properly present any question which can be considered by this court.

*Judgment affirmed.    All the Justices concur.*