### 974.  CARTER & FORD *v.* BROWN.

The evidence demanded the verdict, and there was no error in refusing a
new trial.

Claim, from city court of Nashville—Judge Peeples. January
14, 1908.

Submitted February 25,—Decided April 20, 1908.

*Hendricks & Christian,* for plaintiffs.  *Buie & Knight,* contra.

RUSSELL, J.  A fi. fa. against J. T. Brown and in favor of Car-
ter & Ford was levied on certain personal property, which was
claimed by Mrs. Belinda Brown.  The jury rendered a verdict in
favor of the claimant, finding the property not subject to the
plaintiffs' judgment.  Thereupon the plaintiffs moved for a new
trial, which was refused, and they now except to the judgment
refusing a new trial.

Besides the general grounds, error is assigned, in the motion
for new trial, on various excerpts from the charge of the court.
Regardless of the fact that it was not asked or ordered that the
charge of the court in full be transmitted to this court (by reason
of which this court is unable to judge whether the language ex-
cepted to was qualified by other language used in the charge), the
errors assigned upon these excerpts are immaterial, for the reason
that under the undisputed evidence in the case the jury could not
properly have returned another verdict than that rendered.  There
was no evidence that the buggy and the two-horse wagon which
were levied upon had ever been the property of the defendant in fi.
fa.  The heat of the battle, as far as it went, arose over the ques-
tion whether the iron-gray mule, "Pet," belonged to the claimant,
Mrs. Belinda Brown, or to her husband, the defendant in fi. fa.
This mule was the only article levied upon as to which there was

any evidence tending to show that the title to the property had ever been in the defendant in fi. fa.; and as to this the salesman from whom the mule was purchased testified that the defendant in fi. fa. told him, at the time he was purchasing the mule, that he was buying it for his wife. All that was testified to by the next two witnesses for the plaintiffs in fi. fa. was, that they had never heard that the mule was the property of the claimant, and that, according to their recollection, certain notes, given for the payment of the mule, were signed by the defendant in fi. fa. individually. No matter what result the jury might have reached, if no other testimony had been offered by the plaintiffs in error, the verdict was fully authorized by the evidence given by the claimant herself; and she was introduced by them as a witness. The testimony introduced by them which tended to show that the property should be subject to the levy of the fi. fa. was circumstantial, but perhaps would have sustained a verdict finding the property subject; but when they introduced Mrs. Brown, she explained, to the satisfaction of the jury, every circumstance previously presented which was damaging to her claim. According to her testimony, her husband, the defendant in fi. fa., had no property and paid no taxes except his poll tax, and, being her general agent, had bought the property levied upon, merely as her agent. If the plaintiffs in fi. fa. had proved anything by the interrogatories of their prior witnesses, they explained the circumstances referred to by them, by direct evidence which demanded a finding in favor of the claimant. A new trial will not be granted for errors in the charge, when the evidence demands the verdict rendered.

The plaintiffs in fi. fa. complained of the court's charge that "the issue in the case, gentlemen, is, was this property, at the date of the rendition of the judgment upon which this fi. fa. is based, to wit, in February, 1905, the property of J. T. Brown, or was it the property of Belinda Brown? That is the issue that you are to try." The error assigned is, that it limited the title to the property to the month of February, 1905; and it is contended that the court should have charged the jury that if they believed that the defendant owned the property levied upon, at any time between the date of the judgment and the levy, the property would be subject. After a review of the evidence, we find no error in this instruction; because there is no evidence that the defendant owned

the property subsequent to the date of the judgment or at the time of the levy. The testimony of the plaintiffs' witnesses as to the sale of the property and its purchase by J. T. Brown related to the years 1901 and 1902; and the judgment was not obtained until 1905. The only witness who testified anything as to the possession of the property after the notes were paid and after the judgment was rendered was the claimant herself, who testified that the mule was hers and in her possession and control, as well as that it was originally purchased by herself through the defendant in fi. fa. as her agent. While the principle upon which the plaintiffs in error insist is sound, there was no evidence which would have authorized any other instruction upon the subject than that delivered by the trial judge.

There is no reason why the plaintiffs in error should complain of the instruction which is made the basis of the next assignment of error, though the defendant in error would have had good cause for complaint had the judgment been against her, instead of in her favor. According to this exception, the court charged that if the defendant in fi. fa. was in possession of the property on February 13, 1905, when the judgment was rendered, and Mrs. Belinda Brown was not in possession of it, the jury would be authorized to find for the plaintiffs. The court followed this instruction with this statement: "You look to the evidence and see if the title was in J. T. Brown at the date of the rendition of the judgment, on February 13, 1905; and if the title was in J. T. Brown then, you would be authorized to find the property subject,— you look to the evidence and see what the facts disclose." The last instruction was correct, and, as we have said before, was in accord with the evidence; because it was undisputed that if Brown ever bought the property at all, either for himself or his wife, it was prior to the date of the judgment; and as there was no evidence whatsoever that he ever sold the property, it necessarily follows, that if he bought the property originally for himself, he owned it at the time of the rendition of the judgment, and had continued to own it up to the trial. For that reason it was necessary for the judge (if, indeed, he did omit the statement) to state to the jury that if they found that the title was in J. T. Brown at any time subsequent to the rendition of the judgment and up to the time of the levy, the property would be subject. One of the complaints

of the plaintiffs in error is that the instruction quoted restrained the jury from investigating and finding, if they could, from the evidence, that the defendant in fi. fa. was in possession of the property between the date of the judgment and the date of the levy; and it is complained that for this reason the charge is in opposition to the law of the case, and a gross error. There was no error in this instruction; because there was no evidence that the mule was ever in the possession of the defendant in fi. fa. subsequent to the judgment. None of the witnesses testified that they knew anything as to the possession of the property after February 13, 1905, except Mrs. Brown, and she testified that not only ever since that time, but also for several years prior thereto, the mule had been in her possession; and this testimony was not contradicted.

If the court should not have charged upon the necessity of a close scrutiny of all transactions between husband and wife in order to prevent fraud, it is nevertheless very apparent, from the excerpt to which exception is taken, that the charge of the court upon that subject, while perhaps subject to the objection that it was not authorized by the evidence, was highly favorable to the plaintiffs in error. For that reason they will not be heard to urge the only objection that might be offered to this charge, to wit, that there was no evidence of any purchase or sale between the husband and the wife. We are not prepared to hold, however, that the charge is erroneous upon this ground. It certainly would have been proper if there had been no evidence that the defendant was in possession of the property after the date of the judgment; because the claimant had testified that her husband was her agent, and that the property had been bought for her by him as such agent; and the jury might properly have been put upon notice that they should consider the relationship of the parties in determining whether Mrs. Brown really had constituted her husband her general agent, or whether the alleged agency was a mere subterfuge intended to defeat the rights of her husband's creditors.

The court did not err in refusing the request presented by counsel for plaintiffs in error; because the court is not required to give an instruction which is requested, unless it be perfect, nor to perfect it in order to present the principle relied upon. The fact that the defendant in fi. fa. gave his note for an unpaid balance of the purchase-money of the mule would not put the title to the

mule in him, if, as a matter of fact, all of the purchase-price, both before the note was given and thereafter in settlement of the note, was paid by the wife or by her agent with her money. And there is no evidence disputing that this was the case in the present instance. See *Tuttle* v. *Exchange Bank*, 90 *Ga.* 653 (16 S. E. 955).

The plaintiffs in fi. fa. seem to have been placed in this dilemma: they could not make out a prima facie case by their witnesses, and were reduced to the necessity of introducing the claimant herself, whose evidence was not such as to authorize a verdict in their favor. Upon the facts, a verdict in favor of the claimant was demanded by the law and evidence; and it is well settled that a reversal of the judgment refusing a new trial, under such circumstances, will not be granted for errors in a charge. *Danielly* v. *Colbert*, 71 *Ga.* 218; *Pascal* v. *State*, 77 *Ga.* 596 (3 S. E. 2); *Prather* v. *Railroad Co.*, 80 *Ga.* 428 (2), (9 S. E. 530, 12 Am. St. R. 263).                              *Judgment affirmed.*