4707.  BUTLER, *v.* THE STATE.

HILL, C. J.  1. On the trial of the accused for an assault with intent to murder, the judge instructed the jury as follows: "In order for you to be authorized to convict the defendant of the offense of assault with intent to murder, you must believe two things beyond a reasonable doubt.  First, you must believe that the defendant, Reed Butler, at the time of the shooting, intended to kill the prosecutor, Mr. Standard; and you must believe further that if the defendant had killed Mr. Standard '(that is, if the bullet fired had produced the death of Mr. Standard), the defendant would be guilty of murder.  Therefore, it becomes the duty of the court to give to you in charge the law of murder and justifiable homicide."  *Held:*  This charge is not justly subject to the criticism that it was erroneous "because the law does not imply an intention to kill where there is no killing;" especially in view of the instruction immediately following it, to wit:  "I charge you that intention in cases of this kind is not implied.  It must be proved.  But it may be shown by the use of a weapon likely to produce death, or if used in a manner likely to produce death, or any other facts or circumstances shown by the testimony; and you are the judges, and the question of intent is a matter to be determined by you from the evidence and circumstances of the case."  The above-quoted instructions, as a whole, are squarely within the rulings of the Supreme Court to the effect that in cases of assault with intent to murder, the specific intent to kill the person assaulted must be shown.  *Adams* v. *State*, 125 *Ga.* 14 (53 S. E. 804); *Napper* v. *State*, 123 *Ga.* 571 (51 S. E. 592).

2. The evidence supports the verdict, and no error of law appears.

*Judgment affirmed.*

DECIDED APRIL 16, 1913.

Indictment for assault with intent to murder; from Laurens superior court—Judge Hawkins.  January 13, 1913.

*John R. Cooper,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.