## NORRIS v. THE STATE.

HUTCHESON, Justice. 1. A ground of a motion for new trial, after conviction for murder, that the court did not instruct "the jury on the law of voluntary manslaughter," and "failed to submit to the jury the issue as to whether or not defendant was guilty of the offense of voluntary manslaughter," is too vague and indefinite an assignment of error to raise any question for determination by this court. *Smith* v. *State*, 125 *Ga.* 300 (54 S. E. 124); *Spence* v. *Morrow*, 128 *Ga.* 722 (58 S. E. 356); *Burney* v. *State*, 142 *Ga.* 812 (83 S. E. 937); *Livingston* v. *State*, 148 *Ga.* 686 (97 S. E. 854); *Wilson* v. *State*, 156 *Ga.* 42 (118 S. E. 427); *Burley* v. *State*, 158 *Ga.* 849 (3) (124 S. E. 532); *Harris* v. *State*, 178 *Ga.* 746 (3) (174 S. E. 240); *Parham* v. *State*, 180 *Ga.* 233 (2) (178 S. E. 648); *Bryant* v. *State*, 180 *Ga.* 238 (178 S. E. 651).

2. A request to charge the jury must be perfect in form; and it is not perfect when an inference is required to make it correct. There is no error in refusing such a request. *Scroggs* v. *State*, 147 *Ga.* 737 (3) (95 S. E. 226); *Head* v. *Bridges*, 67 *Ga.* 227 (4); *Carter* v. *Brown*, 4 *Ga. App.* 238, 241 (61 S. E. 142). The request, in the present case, that the court "charge the jury on voluntary manslaughter, on the theory that the deceased was proposing to fight defendant," falls within the above rule.

3. The court did not err in refusing the oral requests to charge. Requests to charge should be in writing (Code, § 81-1101), and there is no exception to the rule that a refusal to give an oral request to charge is not ground for a new trial. *Shedden* v. *Stiles*, 121 *Ga.* 637 (49 S. E. 719); *Johnston* v. *Gulledge*, 115 *Ga.* 981 (42 S. E. 354).

4. The Code, § 26-1013, declares: "If, after persuasion, remonstrance, or other gentle measures used, a forcible attack and invasion on the property or habitation of another can not be prevented, it shall be justifiable homicide to kill the person so forcibly attacking and invading the property or habitation of another; but it must appear that such killing was absolutely necessary to prevent such attack and invasion, and that a serious injury was intended, or might accrue to the person, property, or family of the person killing." In view of the evidence and the defendant's statement, the above principle was applicable to the present case; and the court erred in refusing timely written requests to give the following in charge to the jury: "I charge you that any previous fuss or quarrel between the deceased and the defendant, if you find that they had had a previous fuss or quarrel, would not justify the defendant in killing the deceased; but you will ascertain as to whether or not the defendant had told the deceased not to come back to his place. If in fact the deceased and the defendant had quarreled and fussed at some previous time, and if because of that fact the defendant had told or ordered the deceased not to return to his place, then you should consider these circumstances in determining whether or not the defendant had a right to order deceased to leave on the Sunday evening the killing occurred, if you find the defendant did order him to leave on said occasion." And "If this killing took

place at the home of the defendant, then I charge you that he had the right to request the deceased to leave when the deceased first arrived at said place, provided he did this in a reasonable manner. When the defendant was in his own home he had the right to forbid deceased from coming into his home, even if there had been no bad feeling or trouble between them prior to this time; and if defendant did request deceased to leave, and not to come in, it was the duty of deceased to do so."

5. The judge erred in overruling the motion for new trial.

*Judgment reversed. All the Justices concur.*

No. 11702. MAY 14, 1937.

*Joe M. Lang,* for plaintiff in error.

*M. J. Yeomans, attorney-general, J. H. Paschall* and *John C. Mitchell, solicitors-general, E. J. Clower,* and *O. H. Dukes,* contra.