30184. BRADFORD *v.* THE STATE.

DECIDED SEPTEMBER 10, 1943.

*C. L. Cowart,* for plaintiff in error.

*R. L. Dawson,* solicitor-general, contra.

GARDNER, J. The defendant was convicted of assault with intent to murder N. P. Detrino. The evidence for the State showed substantially that Detrino operated a grocery store at a fishing and hunting camp in McIntosh County, and that he lived in the same building. On the evening of the difficulty one Tillman visited Detrino's store while under the influence of intoxicating liquor. He and Detrino became involved in a difficulty concerning a gallon of gasoline. Tillman left, stating that he would be back. In about fifteen minutes Tillman came back in his automobile, bringing with him the defendant Bradford. They stopped the car within about fifteen or seventeen feet of the steps to the front of the store. Tillman got out of the car, Bradford remained in the car with an auto-

matic shotgun in his hand. Tillman renewed the difficulty with Detrino concerning the gasoline, and began cursing. Detrino endeavored to persuade Tillman and the defendant to leave his place, stating that Tillman was drunk, and that he would talk to him on the following day and would give him a gallon of gasoline. Tillman and defendant would not leave. Detrino went to the telephone, pretending to call the sheriff for the purpose of getting Tillman and the defendant to leave. However, he did not call the sheriff at that time. Detrino made some reference to the fact that they should leave and not have any trouble, that Bradford was in the car with a gun. The two still did not leave. Detrino again went to the telephone and did call for the sheriff. As he was standing at the telephone facing Bradford, Bradford fired three shots in quick succession at Detrino. The telephone operator testified that about the time Detrino called for the sheriff she heard the three shots, and apparently she heard Detrino fall. She heard no more at that time. Three or four shots struck the defendant, most of them about his face, some of them going into his eye, producing total blindness. Detrino fell about four or five feet from the telephone, and his shotgun was lying near by on the floor. After Detrino was shot, he tried to get his gun, but did not succeed. There were no shot scars on the gun of Detrino. Two witnesses for the State testified that they were in their homes on each side of Detrino's store. One of them stated that, hearing the difficulty, he went to his window and heard what was said. Both confirmed the testimony of Detrino. A negro boy who was working for Detrino confirmed in part the testimony of Detrino, as did also a sister of the victim.

The defendant introduced no testimony, but relied on his statement viz.: that he did not know about the difficulty between Tillman and Detrino when he went with Tillman to the store; that the reason he had the gun in the car was because he had been hunting, and happened to leave it there; that he and Detrino had had trouble concerning boats, and Detrino had threatened him; that at the time he shot, Detrino had a shotgun pointed at him, and he shot to knock the gun from Detrino's hand to keep Detrino from shooting him; that after the defendant shot, Detrino did not fall but backed himself against a table or desk with a pistol; and that the reason defendant shot more than once was the fact that his gun

was a "real automatic," and in the excitement he pulled the trigger down, and it kept firing.

■ We have not attempted to set out the evidence in full, but only a sufficient amount of it to show that the jury were authorized to find the defendant guilty of assault with intent to murder. The question whether or not there was an intent to take human life, under the facts of this case, was for the jury to determine. They resolved the issue against the defendant. The court did not err in overruling the motion for new trial in so far as the general grounds are concerned. Save for the statement of the defendant, which the jury did not believe, in our opinion the proof of intent is overwhelming. The mere fact that the load of shot went through two thicknesses of window-pane would not alter the situation, so far as this court is concerned. Whether or not the weapon, used in the manner in which it was used, was a weapon likely to produce death would be dependent upon all the facts and circumstances concerning the case, and under the facts of this case this was a jury question.

■ The motion for new trial assigns error on the following charge to the jury: "A reasonable doubt is not a vague nor whimsical doubt, but it is one which grows on the case, either from want of testimony, or from the weakness of the evidence, or some conflict in the testimony, and which leaves the mind of an honest juror wavering and unsettled. It is a doubt for which you can assign some reason after hearing all the testimony in the case." It is contended that this charge is error, because: (a) it is an incorrect statement of the law, and was prejudicial to movant; (b) it withdrew from the jury the right to consider the statement of the defendant as to whether or not a reasonable doubt existed; (c) it is too restricted and narrow. Substantially the same charge was approved in *Lampkin* v. *State*, 145 *Ga.* 40 (3) (88 S. E. 563), and in *Mulligan* v. *State*, 18 *Ga. App.* 464 (3) (89 S. E. 541). Immediately following the instruction excepted to, the court charged fully as to the defendant's statement. This ground is without merit.

■ Another ground complains of the following charge: "I charge you in this case, gentlemen, that you are the judges both of the law and the facts. The facts you get from the witnesses upon the stand testifying; the law you take in charge from the court; you will apply the law which the court has given you in

charge to the facts as they appear from the witness-stand, from the testimony of the witnesses, and determine just what has been proved, and the guilt or innocence of this defendant, and just what your verdict will be." It is contended that this charge is error, because (a) it is an incorrect statement of the law, and was prejudicial to the movant; (b) the charge entirely withdrew from the jury the right to give consideration to the statement of the defendant, in arriving at the facts in the case; and (c) since the court had theretofore correctly instructed the jury as to the effect to be given to the statement of the defendant, the charge excepted to, without including the words, "and the statement of the defendant," tended to neutralize the previous charge as to the defendant's statement, and thus brought the law and the facts and the defendant's statement to a state of inconsistency and antagonism. The question presented under this ground, involving a charge in substance the same as the one here excepted to, has been ruled adversely to the contention of the plaintiff in error. In *Harris* v. *State, 2 Ga. App.* 406, 411 (58 S. E. 669), this court stated the principle thus: ".The complaint . . is that the court eliminated the defendant's statement from the consideration of the jury, by concluding with the following injunction to the jury: 'You take this testimony, gentlemen, and the law as given you in charge, and apply it to the testimony, and decide whether or not you believe the defendant did commit either offense or both offenses alleged against him.' The jury were properly instructed as to the defendant's statement in another portion of the charge. The statement is not in any technical sense evidence; and the court having already referred properly to the statement, there was no error in the charge above quoted, nor did it eliminate the statement from consideration of the jury."

■ Error is assigned because the court charged as follows: "You apply the law as given you in charge to this case and determine whether or not the defendant is guilty of assault with intent to murder. And if you find that if the person had died from the shot, if you find he was actually shot and wounded, and that the offense would have been murder, then he would now be guilty of assault with intent to murder." Both the Supreme Court and this court have held a number of times that it is error for the court to give in charge the principle here excepted to. It is error notwithstanding the trial court may elsewhere, and after giving such charge,

further instruct the jury that in a case of assault to murder the State must prove that the accused made the assault with malice, with a weapon likely to produce death and with a specific intent to kill. This question was presented and fully discussed in *Patterson* v. *State,* 85 *Ga.* 131 (11 S. E. 620, 21 Am. St. R. 152), where *Hogan* v. *State,* 61 *Ga.* 43, and *Kinnebrew* v. *State,* 80 *Ga.* 232 (5 S. E. 56), dealing with the same question, were discussed. In *Gilbert* v. *State,* 90 *Ga.* 691 (16 S. E. 652), Chief Justice Bleckley emphasized the error of such a charge. Judge Russell, for the Court of Appeals, in *Wimberly* v. *State,* 12 *Ga. App.* 540 (77 S. E. 879), discussed the question at length, and at the conclusion of the opinion suggested legislative action. This suggestion was no doubt prompted by the number of cases which reached the appellate courts wherein the trial court charged in substance the excerpt of which complaint is here made. There are numerous other decisions dealing with the question, among which are: *Pascal* v. *State,* 77 *Ga.* 596 (3 S. E. 2); *Gallery* v. *State,* 92 *Ga.* 463 (17 S. E. 863); *Perry* v. *State,* 102 *Ga.* 365 (30 S. E. 903); *Luby* v. *State,* 102 *Ga.* 633 (29 S. E. 494); *Lanier* v. *State,* 106 *Ga.* 368 (32 S. E. 335). There are many others. In all of the cases cited it is agreed that to give the charge here complained of in a case of assault with intent to murder is error. But it is not agreed that it is reversible error to give such charge in all cases. In a close case it might be reversible error. In *Lanier* v. *State,* supra, the defendant was on trial for assault with intent to murder. The court charged: "If the defendant cut his wife with a weapon likely to produce death, with malice, under such circumstances as would have made him guilty of murder had death ensued, then I charge you that he would be guilty of the offense of an assault with intent to murder." This charge was held error, but, on account of the facts of the case, not reversible error. The court concluded its opinion thus "The grant of a new trial could not legally or rightly result-in any other verdict than that found by the jury. There being no room, therefore, to doubt the guilt of the defendant, we can not say that the charge complained of operated with prejudice or injury against the prisoner. It would seem a mere farce in judicial procedure to grant a new trial in such a case, when the only legal and proper effect of such course would be the same verdict by another jury. This court has in several cases committed itself to the doctrine, that it does not

necessarily follow, even in a criminal case, that a new trial will be granted, notwithstanding there may be palpable errors, either in the charge of the court to the jury, or in the admission or rejection of testimony," citing cases supra. In the light of the evidence, this court is of the opinion that while the charge now under consideration was erroneous, the judgment overruling the motion for a new trial should not be reversed for this reason, or for any other reason assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*