31545. McCOY *v.* THE STATE.

DECIDED MARCH 21, 1947.

*H. Alonzo Woods,* for plaintiff in error.

*W. H. Lanier, Solicitor-General,* contra.

GARDNER, J. We reject the contention of counsel for the defendant that there was not sufficient evidence to sustain the verdict. On the contrary, there was ample evidence to sustain the verdict, and this court is without authority to reverse the mandates of the jury in view of sufficient evidence to sustain their verdict. There is no merit in the general grounds.

(a) Special ground 1 assigns error because the court did not inquire as to the relationship of two attorneys who, it is alleged, assisted the solicitor-general in the presentation of the case. Counsel cites Code, § 9-604 as his authority. There was no request at all made to the court, and no objection on the part of the defendant. No authority is cited by counsel to sustain his contention. This ground has no merit.

(b) Special ground 2 assigns error because the court did not charge on motive. There was no written request to so charge. Hence, this ground has no merit. *Adams* v. *State*, 125 *Ga.* 11 (53 S. E. 804).

(c) Special ground 3 assigns error because the court did not charge fully the law applicable to the defendant's statement. It is contended that the court should have instructed the jury, after charging with reference to the defendant's statement, the words, "and acquit the defendant." The court charged fully as to the presumption of innocence, burden of proof, reasonable doubt, the circumstances under which a verdict of not guilty should be returned, and the form of the verdict. Counsel cited in this connection *Adams* v. *State,* supra. This case announced no principle to sustain the contentions of counsel. This ground is not meritorious.

(d) Special ground 4 assigns error because the court did not charge, without a request, the law applicable to circumstantial evidence. The verdict was not dependent upon circumstantial evidence. Indeed, it was dependent almost wholly upon direct evidence. This ground is not meritorious.

(e) Special ground 5 assigns error because the State did not produce three doctors who attended the victim after he was shot; and because the court permitted the victim to testify what doctors attended him and what they did and the way of treatment for his gunshot wounds. There was no objection interposed to any portion of the victim's statement. It is elementary that that one who is shot may describe his own wounds. Counsel call our attention to the provision of the Code, § 70-203; *Gossett* v. *State,* 6 *Ga. App.* 439 (65 S. E. 162), and *Wilson* v. *State,* 9 *Ga. App.* 274 (70 S. E. 1128). These authorities have no application whatsoever to the contentions under this ground.

(f) Special ground 6 assigns error because the constitutional

rights of the accused, under Amendment 6 of the Constitution of the United States (Code, § 1-806), were violated. This contention is based upon the general allegation that a witness, Major Johnson, whose name did not appear on the indictment, was sworn as a witness for the State, and testified against the defendant. This ground does not allege any demand for a list of the witnesses whose names appeared on the indictment and made no sort of objection to the witness testifying. This ground has no merit.

(g) Special grounds 7, 8, and 9 are but elaborations of the general grounds and are without merit.

The court did not err in overruling the amended motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*