OPINION
Defendant-appellant, Geoffrey Upham, appeals from his conviction in the Butler County Court of Common Pleas for felonious assault in violation of R.C. 2903.11.
On the morning of September 12, 1995, Officer James Hall of the Middletown Police Department observed appellant park his automobile and enter the P G Market in Middletown, Ohio. After confirming that there was a bench warrant for appellant's arrest, Officer Hall parked his police car next to appellant's automobile and entered the store.
When appellant walked past Officer Hall in order to exit the store, Officer Hall asked appellant his name. Appellant replied "none of your business." Officer Hall followed appellant outside of the store and asked him his name once again. Appellant replied "I told you it's none of your damn business." Officer Hall then placed his hand on appellant's right shoulder and turned him around. After Officer Hall informed appellant that there was a warrant for his arrest, appellant pushed Officer Hall and told him that he was not going to jail. Following a brief struggle, appellant broke away from Officer Hall and continued towards his automobile.
Officer Hall reached appellant's automobile after appellant had already opened the door and sat down in the driver's seat. Officer Hall prevented appellant from closing the driver's side door by striking appellant's left hand with his baton. Officer Hall then attempted to prevent appellant from starting the automobile by striking appellant's head with his baton and using mace. However, despite Officer Hall's efforts, appellant was able to start his automobile.
When appellant started his automobile, Officer Hall was pinned between the driver's door, which was still open, and the body of the automobile. While Officer Hall was in this position, appellant put his car in reverse and backed out of the parking lot at a high rate of speed. The speed of appellant's automobile lifted Officer Hall off of his feet and hurled him against the open car door. After dragging Officer Hall across the parking lot and into the street, appellant slammed on his brakes, put the car into drive and accelerated, causing Officer Hall to flip over appellant's car and into the road. As a result of this incident, Officer Hall suffered severe back strain, severe neck strain and contusions that caused him to miss over three and one-half months of work.
On October 19, 1995, appellant was indicted by a Butler County Grand Jury and charged with felonious assault and resisting arrest. On November 8, 1995, appellant entered a plea of not guilty by reason of insanity. After a bench trial in February 1996, appellant was found guilty of felonious assault and resisting arrest. On July 15, 1996, appellant was sentenced to a minimum term of six years and maximum term of twenty-five years for his felonious assault conviction. Appellant also received a concurrent sentence of six months for his resisting arrest conviction. On appeal, appellant presents the following three assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN CONVICTING HIM OF FELONIOUS ASSAULT AS THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO PROVE THE ELEMENTS OF THE OFFENSE BEYOND A REASONABLE DOUBT.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO FIND THAT THE DEFENDANT-APPELLANT MET THE LEGAL DEFINITION OF INSANITY AT THE TIME OF THE ALLEGED COMMISSION OF THE OFFENSE OF FELONIOUS ASSAULT.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT TO PRISON ON HIS CONVICTION FOR FELONIOUS ASSAULT.
In his first assignment of error, appellant argues that the evidence was insufficient to prove all the elements of felonious assault. An appellate court will not reverse a conviction unless reasonable minds could only reach the conclusion that the evidence failed to prove all elements of the crime beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 273. When reviewing the sufficiency of the evidence, an appellate court examines the evidence in the light most favorable to the prosecution. Id.
In order to prove felonious assault in violation of R.C.2903.11(A)(2), it was necessary for the prosecution to prove beyond a reasonable doubt that appellant (1) knowingly; (2) caused physical harm to another; (3) by means of a deadly weapon, as defined in R.C. 2923.11. Appellant argues that the evidence did not show that he knowingly caused physical harm to Officer Hall. In addition, appellant argues that the evidence failed to show that he intended to use his automobile as a deadly weapon.
"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). Thus, "knowingly" is cast in terms of an awareness of the probability that one's conduct will cause a certain result. State v. Bernard (Dec. 5, 1991), Cuyahoga App. No. 59452, unreported. This standard may be contrasted with the higher degree of culpability required for a specific intent crime, that is, for a crime committed "purposely." See State v. Cooey (1989), 46 Ohio St.3d 20, 25; State v. Cartellone (1981),3 Ohio App.3d 145.
R.C. 2923.11(A) defines "deadly weapon" as follows:
 any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon. (Emphasis added.)
It is well-established that an automobile can be classified as a deadly weapon under R.C. 2923.11 when used in a manner likely to produce death or great bodily harm. See, e.g., State v. Orlett (M.C. 1975), 44 Ohio Misc. 7; State v. Prince (Nov. 19, 1992), Cuyahoga App. No. 61342, unreported. In determining whether an automobile is a deadly weapon, a court should not only consider the intent and mind of the user, but also the nature of the weapon, the manner of its use, the actions of the user, and the capability of the instrument to inflict death or serious bodily injury. Orlett at 9. See, also, State v. Hutchins (Aug. 9, 1991), Lucas App. No. L90-182, unreported. The determination of whether an automobile is used as a deadly weapon is a question of fact for the trier of fact. Id.
Applying the foregoing to the present case, we conclude that the record demonstrates that appellant knowingly caused harm to Officer Hall by means of a deadly weapon. While Officer Hall was pinned between the driver's side door and the body of appellant's automobile, appellant started his car and backed out of the PG parking lot at a high rate of speed. There is no evidence that appellant was not in full control of his car, nor is there any evidence that appellant attempted to slow down so Officer Hall could escape his predicament. Rather, after dragging Officer Hall across the parking lot and into the road, appellant slammed on his brakes, put the car in drive, and rapidly accelerated, causing Officer Hall to flip over the car. These are sufficient facts upon which the trial court could conclude that appellant was aware or knew that his operation of his automobile would probably cause physical harm to Officer Hall.
Although appellant claims that his actions were only motivated by an intent to escape, a reasonable mind could find, beyond a reasonable doubt, that appellant used his automobile as a deadly weapon in order to facilitate his escape. See State v. Townsend (Feb. 22, 1990), Cuyahoga App. No. 56571, unreported. Thus, there is sufficient evidence supporting appellant's conviction for felonious assault. Appellant's first assignment of error is accordingly overruled.
In his second assignment of error, appellant argues that the trial court erred in rejecting his defense of not guilty by reason of insanity. "A person is `not guilty be reason of insanity' relative to a charge of an offense only if he proves * * * that at the time of the commission of the offense, he did not know, as a result of a severe mental disease or defect, the wrongfulness of his acts." R.C. 2901.01(N). Proof that, at the time of the commission of the offense, the defendant's reason was so impaired that the defendant did not have the ability to refrain from doing the act is not a defense. R.C. 2945.391. The plea of not guilty by reason of insanity is an affirmative defense which the defendant bears the burden to prove by a preponderance of the evidence. R.C. 2901.05(A); State v. Brown (1983), 5 Ohio St.3d 133, 134.
The record shows that appellant has a history of mental illness. However, three experts provided conflicting testimony as to appellant's sanity at the time of the offense. Dr. Adaleida Fernandez, a psychiatrist, treated appellant on four occasions between February and May 1995. Dr. Fernandez diagnosed appellant with schizo-affective disorder but was unable to offer an opinion as to whether appellant was legally insane at the time of the offense. Dr. Roger H. Fisher, a clinical psychologist, testified on behalf of the defense. Dr. Fisher also diagnosed appellant with schizo-affective disorder and testified that appellant was legally insane at the time of the offense. Dr. Bobbie Hopes, a forensic psychologist, testified on behalf of the state. Dr. Hopes diagnosed appellant with narcissistic personality disorder and depression. Dr. Hopes testified that appellant was not legally insane at the time of the offense.
The weight to be given to the evidence and the credibility of witnesses concerning the establishment of an insanity defense are primarily for the trier of fact. State v. Curry (1989), 45 Ohio St.3d 109,114; State v. Thomas (1982), 70 Ohio St.2d 79. This is not a case where the state failed to present any evidence to refute expert testimony that appellant was insane at the time of the offense. See Brown, 5 Ohio St.3d at 134-136. Rather, the trial judge found the state's expert testimony more credible than appellant's. Since the state's expert testimony provided substantial evidence from which the trial court could reasonably conclude that appellant's insanity defense was not proven by a preponderance of the evidence, appellant's second assignment of error is without merit. See State v. Blanton (Oct. 31, 1994), Warren App. No. CA94-04-047, unreported. Appellant's second assignment of error is accordingly overruled.
In his third assignment of error, appellant argues that the sentence imposed by the trial court was an abuse of discretion. A sentence will generally not be disturbed upon review where it is within the confines of a valid statute. State v. Bruce (1994),95 Ohio App.3d 169; Columbus v. Jones (1987), 39 Ohio App.3d 87, 88. At the time of appellant's offense, R.C. 2929.12 set forth the factors that a trial considered in imposing a sentence for a felony. These statutory criteria must be used as a guide in exercising sentencing discretion; failure to consider them is an abuse of discretion. Bruce at 172-73. When the sentence imposed is within the statutory limit, a reviewing court will presume that the trial judge considered the factors set forth in R.C.2929.12 unless there is a showing to the contrary. State v. Adams (1988), 37 Ohio St.3d 295, 297-98; Bruce at 173.
At the time of appellant's offense, felonious assault against a police officer was an aggravated felony of the first degree. R.C. 2903.11. Thus, the minimum term that could have been imposed was five, six, seven, eight, nine or ten years, and the maximum term was twenty-five years. R.C. 2929.11(B)(1)(a).
The sentence imposed by the trial court was within the confines of R.C. 2929.11(B)(1)(a). Moreover, statutory criteria that support the sentence include the nature and circumstances surrounding appellant's offense along with the physical harm that he caused to a police officer. Finally, appellant has not shown that the trial court failed to consider the other criteria contained in R.C. 2929.12. Therefore, we cannot conclude that the trial court's decision was so arbitrary, unreasonable, or unconscionable as to constitute an abuse of discretion. See State v. Adams (1980), 62 Ohio St.2d 151, 157. Appellant's third assignment of error is accordingly overruled.
Judgment affirmed.
WALSH, J., concurs.
KOEHLER, J., dissents.