OPINION
On September 28, 1998, the Stark County Grand Jury indicted appellant, Kenneth Roth, on one count of felonious assault with a repeat violent offender specification in violation of R.C.2903.11(A)(2) and R.C. 2941.149. Said charge arose from an incident involving appellant's business partner, Russell Fryberger, a paraplegic. Apparently appellant struck Mr. Fryberger over the head with a cast-iron skillet. A jury trial commenced on December 14, 1998. The jury found appellant guilty of felonious assault. The trial court found appellant to be a repeat offender. By judgment entry filed December 23, 1998, the trial court sentenced appellant to a definite term of four years in prison. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO SUSTAIN APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29 MADE AT THE CLOSE OF THE STATE'S CASE.
II THE JURY VERDICT OF GUILTY ON THE CHARGE OF FELONIOUS ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
III THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DEPRIVED APPELLANT OF DUE PROCESS OF LAW ANDTHE RIGHT TO A TRIAL BY JURY ON ALL OF THE ELEMENTS OF THE CRIME CHARGED THROUGH THE USE OF ERRONEOUS JURY INSTRUCTIONS.
IV APPELLANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 I, II
Appellant claims the trial court erred in denying his Crim.R. 29 motion for acquittal and the verdict was against the manifest weight of the evidence. We disagree. Crim.R. 29 states as follows: (A) Motion for Judgment of Acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus: Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
On review for sufficiency, a reviewing court is to examine the evidence at the trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against conviction." Martin at 175. Appellant was charged with felonious assault [R.C.2903.11(A)(2)] in that he knowingly caused or attempted to cause physical harm to another by means of a deadly weapon (cast-iron skillet). Appellant argues the evidence did not establish the skillet was used as a deadly weapon. As defined by R.C.2923.11(A), a deadly weapon "means any instrument, device, or thing capable of inflicting death, or designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." Appellant argues the jury could not have reasonably inferred the skillet was capable of inflicting death. To substantiate this argument, appellant points out Mr. Fryberger only sustained a minor injury from the assault (bleeding and a knot on his head). T. at 164, 238; State's Exhibit 4A-4D. Appellant also points out the skillet was rusty and had shattered on impact. T. at 163, 172, 200; State's Exhibit 1. In State v. Orlett (1975), 44 Ohio Misc. 7, 9, the Franklin County Municipal Court set forth the following well reasoned analysis on "deadly weapon": It is further acknowledged that some weapons are per se deadly. Others, owing to the manner in which they are used, become deadly. A gun, pistol or switchblade knife are per se deadly. Other weapons can become deadly and assume deadly character depending upon the manner and circumstances of their use. There is a question of fact presented in such cases and where such a question exists, the fact must be resolved by either the jury or the court. In determining whether an instrument not inherently `deadly' or dangerous assumes these characteristics, the court may consider the nature of the weapon, the manner of its use, the actions of the user, the intent and the mind of the user and the capability of the instrument to inflict death or serious bodily harm.
Appellant concurs with the five part test but argues the record is devoid of any evidence that a skillet can inflict death or serious bodily injury. We find specific evidence as to the deadly characteristics of a skillet was not necessary for the jury to determine the skillet was a deadly weapon. Although it is fortuitous Mr. Fryberger was not seriously injured, that alone is not the criteria to be used. The skillet was used as a weapon by lifting it and bludgeoning Mr. Fryberger over the head causing bleeding and two injury sites. The fact that the skillet was not deadly in its application does not preclude it from being deemed a deadly weapon. Considering the fact that the skillet was bludgeoned on the back of a paraplegic's head in a manner forceful enough to shatter it, we find sufficient evidence to establish a reasonable trier of facts could conclude the skillet was a deadly weapon used to cause or attempt to cause physical harm to another. Assignments of Error I and II are denied.
 III, IV
Appellant claims the trial court erred in failing to give an instruction on assault and his trial counsel was ineffective in not requesting the instruction and in not objecting to the instruction on felonious assault. We disagree. The trial court has discretionary authority in its duty to instruct on the law as it pertains to the case. State v. Nelson (1973), 36 Ohio St.2d 79. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. In order to preserve an error for review, one must raise the issue in the trial court. State v. Maurer (1984), 15 Ohio St.3d 239; State v. Williams (1977), 51 Ohio St.2d 112. An error not raised in the trial court must be plain error for the appellate court to reverse. Crim.R. 25(B); State v. Long (1978), 53 Ohio St.2d 91. We note the plain error rule is to be taken with utmost caution, under exceptional circumstances, and only to prevent a clear miscarriage of justice. Long. Further, because appellant claims trial counsel deficiency involving the instruction, we must also examine this issue under State v. Bradley (1989), 42 Ohio St.3d 136,142, certorari denied, 110 S.Ct. 3258. Appellant must establish two criteria: 1) [C]ounsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, 2) [P]rejudice arises from counsel's performance.
Appellant must further establish "* * * but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland v. Washington (1984), 466 U.S. 668,696. It is undisputed assault is a lesser included offense of felonious assault. However, it is noteworthy the defense of the entire case was that appellant did not commit the offense. Appellant claimed he had no memory of the incident (T. at 381); he did not do anything (T. at 391); he was also injured (T. at 382); and the building wherein the offense occurred was haunted. T. at 166. In closing argument, the trial strategy takes on form. Defense counsel argued the reason the skillet broke was because there were two hits, one to Mr. Fryberger and one to appellant. T. at 433. This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." State v. Post (1987),32 Ohio St.3d 380, 388. Given the obvious "ghost" attacker theory, we find it would have been contra trial strategy to argue assault or request an instruction on such. The evidence presented in defense was geared at bolstering the third party attacker theory. The emphasis of the defense was not on the deadly nature of the weapon. It would have been inconsistent to defend as appellant did and to include the lesser included offense of assault. Either the jury was to believe Mr. Fryberger's version or appellant's version, there was no middle ground. Appellant also challenges the following specific wording of the jury charge on felonious assault: The defendant is charged with felonious assault. Before you can find the defendant, Kenneth Arthur Roth, guilty of felonious assault, you must find beyond a reasonable doubt that on or about September 3rd, 1998, in Stark County, Ohio, the defendant did, knowingly, cause or attempt to cause physical harm to Russell J. Fryberger, by means of a deadly weapon, to wit, an iron skillet.
Appellant argues the trial court's use of this instruction implied to the jury that they should find an iron skillet was a deadly weapon. We disagree because the trial court is merely stating the wording of the indictment and the statute. Further, during the course of the jury charge, the trial court explained and defined deadly weapon as an independent element of the charge of felonious assault. T. at 452. Upon review, we find no error in the jury charge. Assignments of Error III and IV are denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J. Wise, P.J. and Hoffman, J. concur.